EDWARD DOUGLASS *v.* HALL & PALMER.

The firm of Carter, Coolidge & Co., a partnership consisting of Carter, Coolidge and Childs, was dissolved by the death of Coolidge. Subsequently the defendants executed a promissory note, which was made payable " to the late firm of Carter, Coollidge & Co." Childs sold his interest in the note to Carter, and then Carter indorsed the note, without recourse, in the name of Carter, Coolidge & Co., to the plaintiff. *Held,* that the plaintiff thereby acquired the legal interest in the note, and might sustain an action thereon in his own name, as indorsee.

ASSUMPSIT upon a promissory note for $650,11, executed by the defendants, dated January 18, 1843, and made payable " to the late firm of Carter, Coolidge & Co., or order." At the date of this note there was no such firm in existence as Carter, Coolidge & Co. There had been such a firm, in Boston, consisting of Carter, Coolidge and one Childs, but it had been dissolved by the death of Coolidge. Immediately after the execution of the note Childs sold his interest in the note to Carter, and Carter afterwards transferred the note to the plaintiff, by indorsement, without recourse, in the name of Carter, Coolidge & Co. Upon these facts the county court, June Term, 1849,—REDFIELD, J., presiding,—rendered judgment for the plaintiff. Exceptions by defendants.

*Peck & Colby* for defendants.

If the note had been delivered to Carter, Coolidge & Co. before the dissolution of the firm, the indorsement by Carter after the dissolution would have been void; and the delivery afterwards only lessens his right to indorse for the firm. *Sanford* v. *Mickles*, 4 Johns. 224. *Abel* v. *Salton*, 3 Esp. R. 108. *Parker* v. *Macomber*, 18 Pick. 507. Chit. on Bills 50–52. *Torrey* v. *Baxter*, 13 Vt. 457. If any party is payee, it is Carter, Coolidge & Co.; *U. S. Bank* v. *Lyman et al.*, 20 Vt. 663; and Carter having no authority to use that name, the indorsement is invalid. If this be held virtually a note payable to the two surviving partners, it is merely evidence of indebtedness to them in that capacity, as trustees of the firm. But if negotiable, both must indorse, and the sale without indorsement by one to the other confers no right to indorse the name of both. *Goddard* v. *Lyman*, 14 Pick. 270. *Russell* v. *Swan*, 16 Mass. 316. *Carvick* v. *Vickery*, 2 Doug. 653. *Smith* v. *Whiting*, 9 Mass. 334.

*Hebard & Martin* for plaintiff.

The doctrine, that one partner, after dissolution, cannot indorse a note, applies between partners, and not between the maker and indorsee. The controversy in this case is not between the different partners, in relation to the authority of one to indorse the note so as to bind the others. The note was indorsed *without* recourse, so that that question cannot arise. *McPherson* v. *Rathbone*, 11 Wend. 96. *Yale* v. *Eames*, 1 Metc. 486. It was indorsed in fact by the person who had the sole interest in the note, and one of the persons named as partners and payees in the note. If any authority is wanting from the other partners, the law will infer it, in a case where the indorser is the sole owner of the note. Chit. on Bills 53. *Eaton* v. *Taylor*, 10 Mass. 54. *Graves* v. *Merry*, 6 Cow. 701. This is but a transfer of interest, which one partner may make by his own indorsement. *Snelling* v. *Boyd*, 5 Munr. 172. *Torrey* v. *Baxter*, 13 Vt. 452. *Woodworth* v. *Downer*, 13 Vt. 522. *Lewis* v. *Reilly et al.*, 41 E. C. L. 572. *Yale* v. *Eames*, 1 Metc. 486. 1 Dane's Abr. 387.

The opinion of the court was delivered by

POLAND, J. 1. The note upon which the suit is founded, being made payable to the late firm of Carter, Coolidge & Co., after the death of Coolidge, is to be considered as legally payable to the surviving partners of the firm, Carter and Childs, by the name of Carter, Coolidge & Co.

2. The note, being made payable in terms to Carter, Coolidge & Co., or order, might be legally indorsed, by the same name, by any person who had the legal right and authority to make a transfer of the note.

3. Had Carter authority to make the indorsement? The firm of Carter, Coolidge & Co. had been dissolved by the death of Coolidge, and Carter and Childs not being partners, Carter had no authority, as a partner, to make the indorsement. He and Childs are to be considered as joint payees of the note. The case finds, that Childs had sold all his interest in the note to Carter, and that Carter had the sole and exclusive ownership of the note. He, therefore, being the owner, had the exclusive right to make a sale of the note; and the question arises, could he transfer the legal interest by indorsement? This, it is to be remembered, is to be considered as a question of his authority to transfer merely, and not as to his right to make an indorsement to create any obligation to bind Childs,—for that he clearly could not do.

Mr. Chitty says,—" With respect to the person, who may transfer a bill, or note, whoever has the absolute property may assign it, if payable to order." Chitty on Bills 197. In the case of *Carvick v. Vickery*, Doug. 653, note 134, it was held, that when a bill was drawn by father and son, who were not partners, payable to their own order, and indorsed by the son alone, it was a valid indorsement; and it was said, that, by making the bill payable to their own order, the father and son had made themselves partners as to that transaction. This case carries the doctrine much farther, than is necessary to sustain the indorsement in this case, and farther, we apprehend, than any other case has done; at least we find none, that goes to the same extent. The case of *Lewis v. Reilly & Watson*, 1 A. & E., N. S., 347, [41 E. C. L. 572,] was an action against the defendants, as drawers of a bill of exchange, payable to their own order, by the plaintiff, as indorsee. The defendants were part-

ners when the bill was drawn; but it was indorsed to the plaintiff by Watson alone, in the partnership name, after a dissolution of the partnership. The case went to a jury upon an issue, whether the plaintiff, at the time of taking the bill, had notice of the dissolution; and the jury gave a verdict for the defendant Reilly,—the other defendant, Watson, having suffered judgment by default. On a motion for judgment *non obstante veredicto*, the court made the rule absolute; and Lord DENMAN said, "It is, perhaps, doing no violence to language to say, that the partnership could not be dissolved, as to this bill, so as to prevent it from being indorsed by either defendant, in the name of the firm;" and PATTERSON, J., said, in the same case, "If the bill was duly drawn by the defendants, when partners, which is here admitted, it continued to be their joint property, after the partnership was dissolved, and might therefore properly be indorsed in their joint names."

The case of *Yale* v. *Eames et al.,* 1 Met. 486, was an action by an indorsee against the maker of a promissory note. The note was made payable to the firm of Gay & Bird, or order, during their partnership, and continued their property until after their dissolution. The plaintiff applied to one of them to purchase the note, and made him an offer for it, in the absence of the other. The one applied to afterwards consulted with the other partner, and he consented to the sale of the note on the terms offered; but nothing was said about indorsing it. The one first applied to then sold the note to the plaintiff, and indorsed it in the name of the late firm, "without recourse." The court there held, that this was a valid indorsement of the note to the plaintiff, and that, as one had thus an authority to sell the note, the right to make a legal transfer was to be inferred, as an incident.

. In this case Childs, previous to the indorsement of the note, had sold all his interest in the note to Carter; so that Carter had the exclusive right of control over the note, and, by the well established doctrine, he had the right to make use of the name of Childs for the purpose of enforcing the collection of the note, even against his will and without any consent. By selling his interest in the note to Carter, Childs certainly gave as much consent, that he might dispose of the note, as if he had merely given his consent to a sale of it; and if the right to use his name, for the purpose of transferring

the legal interest merely, may be inferred as an incident in the one case, we see no reason, why it may not, with equal propriety, be inferred in the other ;—and as Carter had, by the sale from Childs, acquired the exclusive right to receive payment of this note, or to dispose of it, we see no impropriety in allowing him to use the name of Childs for that purpose. Childs certainly could not be injured by it, as Carter could impose no liability upon him by his indorsement; and the defendants have no cause of complaint, as their liability is not thereby in any way affected. This view of the case seems to be well supported by the case of *Yale* v. *Eames et al.*, and we think that decision is founded in good sense and reason.

The judgment of the county court is therefore affirmed.