## GLASSCOCK *vs.* SMITH.

1. Delivery by the surviving partner, of a note then assets of the firm, which had been endorsed in the name of the firm by the deceased partner in his lifetime, is not sufficient to pass the legal title to the purchaser.
2. An endorser who acquires a note after maturity takes it subject to all defences existing in favor of the maker as against the payee or other party for whose accommodation it was made.

APPEAL from the Circuit Court of Tuskaloosa.
Tried before the Hon. TURNER REAVIS.

ASSUMPSIT by William A. Smith against Alexander Glasscock, on a promissory note for $950 50, dated April 1, 1851, payable to the order of Monroe Donoho on the 15th February, 1852, payable and negotiable at the Bank of Mobile, endorsed by said Donoho to Fontaine & Dent, and by Fontaine & Dent to plaintiff. The defendant pleaded the general issue and two special pleas; to the last special plea the plaintiff demurred, and replied to the others, but the record nowhere

shows the action of the court on the demurrer. The facts set out in the special pleas were afterwards proved by the defendant on the trial, and may be thus briefly stated : The note sued on was made by the defendant for the accommodation of Fontaine & Dent, (which firm was composed of Benjamin B. Fontaine and Dennis Dent,) and was in the possession of said firm at the death of said Fontaine, who was the cashier of the firm and had the principal charge of its monetary affairs ; the endorsement of the note, in the firm name of Fontaine & Dent, was in the handwriting of said Fontaine, but the note was delivered to plaintiff, for full value, by Dennis Dent, the surviving partner, after Fontaine's death, and after its maturity. A short time before said note was given, said Fontaine rendered to the defendant an account current of the firm of Fontaine & Dent against Fontaine & Glasscock, (which firm was composed of the defendant and a son of said Benjamin B. Fontaine,) showing a balance of about $7000 against said last named firm, which was at that time, as was known to said B. B. Fontaine, insolvent and in failing circumstances; and at the time he delivered said account current, said Fontaine promised defendant, that Fontaine & Dent would look to his co-partner (John T. Fontaine) for one half of the balance due them, if he (defendant) would pay the other half, said John T. being at that time individually insolvent, and defendant solvent ; and thereupon defendant proceded to pay, and before the transfer of said note as aforesaid had paid, at least one half of said balance due from Fontaine & Glasscock to Fontaine & Dent.

Upon this evidence the defendant asked the following charges :

" 1. That, if the jury believe from the evidence that the note was made by defendant for the accommodation of Fontaine & Dent,—that Fontaine, in his lifetime, wrote the name of the firm across the back of it, but did not deliver it to any one,— that it was retained by the firm, and was the property of the firm at the death of Fontaine, and after his death, and after its maturity, was transferred to plaintiff by Dennis Dent, by delivery only, with no other endorsement than as aforesaid, then plaintiff has no such title to said note as will authorize a recovery by him in this action.

" 2. That if they believed from the evidence that said note was made by the defendant for the accommodation of Fontaine & Dent, and was transferred to plaintiff after maturity,—that said Fontaine promised defendant, at the time said account current was rendered, that they would look to said John T. Fontaine for one half, if defendant would pay the other half,—that said firm of Fontaine & Glasscock was at that time insolvent, or in failing circumstances, and so known to said B. B. Fontaine, and that defendant, before the transfer of said note as aforesaid, had paid one half of said balance, then plaintiff could not recover in this action."

The court refused these charges, and the defendant excepted ; and he now assign for error, 1st, *the sustaining of the demurrer* ; and, 2d, the refusal to charge as requested.

E. W. PECK, for the appellant :

1. The delivery of the note by Dent, the surviving partner, was not sufficient to vest the legal title to it in the plaintiff, as it was not equivalent to an endorsement by Dent, who alone had the right to endorse after Fontaine's death, which dissolved the firm.—Story on Promissory Notes, p. 207, § 190; Sanford v. Mickles, 4 Johns. 224.

2. The note was made and endorsed for the accommodation of Fontaine & Dent, who gave no value for it, and consequently could have maintained no action on it against the appellant; and the appellee, having taken it after maturity, stands in no better condition.—Story on Promissory Notes, § 190, and cases cited in note 2 ; Sparrow v. Chisman, 9 Barn. & Cress. 241, or 17 E. C. L. R. 366 ; 2 Stark. 166, or 3 E. C. L. R. 296 ; 9 Pick. 265, 270 ; Whitehead v. Walker, 10 Mees. & Wels. 695 ; 14 Maine R. 449 ; 21 *ib.* 425.

3. The authorities above cited show that the first charge ought to have been given.

4. The second charge ought to have been given, because Fontaine, during the existence of the partnership, had the right to compromise or compound the debts of the firm.— Story on Partnership, p. 181, § 115, and cases there cited.

P. & J. L. MARTIN, *contra.*

CHILTON, C. J.—The record nowhere shows that the demurrer to the third plea was sustained, and if a resort to intendment could aid the appellee in sustaining the judgment, we should presume the demurrer was withdrawn or abandoned. But this done, the plea remains, and must be considered as tendering one of the issues which the record shows were tried by the jury. Then comes the proof, which conduces to support it, and the charge which was refused, as applicable to it, forcing upon us the same question presented by the plea and demurrer. In this posture of the case, we have no alternative but to come to the question,—Did the delivery by Dent, the survivor, of the note, then assets of the firm, which Fontaine before his death had endorsed in the name of the firm, vest the legal title in the plaintiff?

We are of opinion it did not. The death of Fontaine, *ipso facto*, dissolved the firm (Collyer on Partnership, § 113); and upon such dissolution, the surviving partner became tenant in common with the personal representative of the deceased partner, of all the movable stock and effects of the partnership, charged with the duty of so administering them as to reduce them to money, pay off the debts, and, having accomplished the purposes of the partnership, to turn over to the representative the share of the surplus to which the deceased, if living, would have been entitled. His duty is, to close and adjust the business and affairs of the partnership. He has no power to bind the firm by any new contract. He cannot endorse or transfer the partnership securities to third persons, or in any other way make his acts the acts of the partnership. In short, he can do no act, and make no disposition of the partnership effects, inconsistent with the primary duty devolved upon him of winding up the whole concerns of the partnership.—Story on Part. § 322, and cases cited in note 1; Lang's Heirs v. Waring, survivor, 17 Ala. 145; Sanford v. Mickels & Forman, 4 John. 224; *per* Lord Kenyon, in Abel v. Sutton, 3 Esp. Cases 111.

The attempted transfer, in this case, was in the name of the firm of Fontaine & Dent. The endorsement of that name by Fontaine, the note not having been negotiated before his death, was inoperative after that time, and the subsequent delivery of it, so endorsed, by Dent to the plaintiff, was equiv-

alent to a new endorsement by him in the firm name.   If his delivery made the endorsement effectual to pass the title as the endorsement of the firm, it was effectual to bind the firm as endorsers, and thus a new obligation against the firm would be created by the survivor, which, we have seen, and all the books agree, he may not create.

The third plea, which denies for the reasons above stated the validity of the assignment, was good, and the demurrer to it should have been overruled.

The second charge is greatly confused by the introduction of irrelevant matter, but, stripped of that, it was clearly proper, and should have been given.   The superaddition to it was calculated, however, to restrict and prejudice the party who asked it, and consequently formed no objection so far as the plaintiff was concerned.   The charge was : "If the jury believed that the note sued on was made by defendant *for the accommodation of Fontaine & Dent,—that said note was transferred to the said plaintiff after maturity,*" &c.   The charge might well have stopped here, and rested the defence upon the want of consideration; as the plaintiff, conceding the validity of the assignment, took the note after its maturity, and consequently took it subject to all defences existing in favor of the drawer or maker as against Fontaine & Dent.—Chitty on Bills, marg. p., 69, 70, and note 2 (10th Amer. from 9th Lon. ed.) ; Story on Bills, § 187, and authorities there cited.

We are not sufficiently certain to justify us in expressing an opinion upon it, that we comprehend the point attempted to be presented by introducing into the charge the state of the accounts between the firms of Fontaine & Dent and Fontaine & Glasscock, and the promise by B. B. Fontaine, of the first named firm, that if the appellant would pay half the indebtedness of his firm to Fontaine & Dent, they would look to his (Glasscock's) partner (Fontaine), son of B. B. Fontaine, for the other half, and the compliance on the part of Glasscock in paying his half.   It is not easy to perceive what this indebtedness has to do with the case, as the proof shows no effort to make it the consideration for the demand sued on.

For the errors above noticed, let the judgment be reversed, and the cause remanded.