Van Vorst, J.
Upon the death of a partner all that passes to his representatives is his proportion of the assets after they have all been converted into money, and all the debts and liabilities have been paid. The surviving partner has exclusive right in virtue of his title, and upon him is cast the duty, of closing up the partnership affairs. All actions brought in respect of any contract entered into by or on behalf of the firm before the death of a partner must be brought by or against the surviving members of the firm alone. The representatives of the deceased cannot sue or be sued in respect of such contract.
Pabsons, in his treatise on the Law of Partnership, section 447, says: “ The executors or administrators of *49 the last survivor sue alone without joining the representatives of the first or any later deceasedand Likdley, in his work on the same subject (3 ed., vol. 1., p. 505), says the legal representative of the surviving partner is the proper person to sue and be sued at law in respect of the engagements of the firm.
Ho one of the cases cited by these learned writers is an illustration of the rale as laid down by them in this particular regard as to the person to sue or be sued upon partnership obligations on the happening of the ultimate contingencies above contemplated. And yet such rule would seem to be a corollary from principles long settled with regard to the nature of the partnership and the right and interest of the partner, and the vesting' of the title to the property on the death of a partner.
Hot only the remedies, but the rights and liabilities of the partnership, vest in and are imposed upon the surviving partner. In Davis v. Church, 1 W. & S., 240, it is said “the action of the surviving partner is his own.” In Yale v. Eames, 1 Metc., 486, it is said, “if one partner die the whole legal title vests by survivorship in the other.”
And in like manner as to liabilities. Each partner is liable to pay the whole debt, and contribution lies entirely among themselves.
In Rice v. Shute, 2 Burr., 2613, Lord Mansfielb said, “All contracts with partners are joint and several; every partner is liable to pay the whole debt;” and in Richards v. Heather, 1 B. & Ald. 29, it was held that a plaintiff in an action charging the defendant in his own right, might recover a demand due from the defendant individually and another due from him as surviving partner. The joint debt may, by reason of the death of a partner, be treated as if originally a separate debt of the surviving partner.
I have considered the analogy drawn by the learned *50 counsel for the defendants from the condition of a trust estate upon the death of the surviving trustee of an express trust. Under our statute such trust estate does not descend to the heirs, nor does it pass to the personal representatives of the survivor, but if the trust be unexecuted it shall vest in the supreme court. A surviving partner, it is true, is a trustee for all corn concerned in the copartnership, for the representatives of the deceased and the creditors of the firm. But it is a trust to wind up the affairs with fidelity and without unnecessary delay. Still, he is more than trustee; he is in his own right principally interested in and possesses in himself the title to the property and assets as surviving owner, and it is because of such legal right in himself that he becomes a trustee for the creditors and legal' representative of his deceased partner.
[The’ learned judge here recapitulated the facts of the present case, fully stated above.]
In view of the principles above recognized, the defendants, into whose hands the assets and property of the surviving partner have come, and that lawfully, are solely liable to account in this action for this co-partnership liability and obligation to the plaintiffs.
The demurrer should be overruled, with liberty to defendants to answer on the usual terms.