ADONIRUM J. BIRD *vs.* MARY M. BIRD, Administratrix.

SAME, in equity, *vs.* SAME and another.

Knox. Opinion November 16, 1885.

*Partnership, claim of, against insolvent estate of deceased partner.*

A surviving partner may recover from the estate of a deceased partner any indebtedness due from the deceased to the firm, where the partnership is insolvent, for the benefit of the firm creditors, in an action at law. But for this purpose he has no preference over any other creditor of the estate, and if the estate is insolvent, and the action was not pending at the time of the representation of the insolvency it cannot be maintained, the only remedy being before the commissioners of insolvency appointed by the probate court.

ON REPORT of facts agreed.

The first case is by the surviving partner of the firm of D. N. Bird & Co., against the administratrix of the estate of Hanson G. Bird, deceased partner of that firm, in assumpsit to recover four

thousand five hundred and two dollars and two cents, being the balance and interest shown by the firm books to be due from the deceased to the firm. The second suit was in equity by the same plaintiff against the same defendant and Caleb G. Moffit, assignee in insolvency of the estate of David N. Bird, who was also a member of that firm, and it was for the recovery of the same sum. The report shows that the plaintiff had paid from his own funds the sum of nineteen thousand four hundred forty-four dollars and sixty cents in discharge of the liabilities of the firm.

*C. E. Littlefield*, for the plaintiff.

The claim or account against Hanson G. Bird, it is clear, is an asset of the firm of D. N. Bird & Co., and that this surviving partner is entitled to recover the amount in full of the insolvent administratrix, is determined in the affirmative in *Welby* v. *Phinney*, 15 Mass. 124, which is precisely in point. That was assumpsit. It proceeds upon the equitable lien for re-imbursement upon common law principles applicable to partnership, and is independent of any statute. The partnership can follow its assets in the hands of the insolvent partners, when needed for partnership purposes as here.

*True P. Pierce*, for the defendants.

DANFORTH, J. By the statement of facts agreed upon in these cases, it appears that previous to May 10, 1882, there was a partnership in business consisting of the plaintiff, Hanson G. Bird and David N. Bird. On that date, Hanson G. Bird died, and the defendant was duly appointed and qualified as his administratrix. Subsequently, the plaintiff gave bond as surviving partner, and was duly qualified to settle the partnership affairs. It further appears that said firm is largely insolvent and that the plaintiff has, in paying its debts, exhausted all its assets except the claim now in question, besides paying from his own funds a sum much larger than this claim. The estate of Hanson G. Bird has been rendered and is insolvent, and commissioners appointed and qualified.

The claim in suit is for a private indebtedness of the defendant's intestate to the firm, as found upon its books at his decease.

The defence is that the plaintiff should have proved his claim before the commissioners of insolvency, and shared in the distribution of the estate as other creditors, under the provisions of R. S., c. 66, § 1.

That the claim in suit is a part of the assets of the firm upon which the creditors, as well as the individual members of the firm, who have paid more than their share of its liabilities, or received less than their share of its effects, have a lien, may be conceded. As such, it belongs to the partnership, and it becomes the duty of the plaintiff as surviving partner, to turn it into money for the settlement of the partnership affairs.

If the firm were solvent, a portion of this claim would have belonged to the intestate, liable to his private debts, and the plaintiff and administratrix would have held it as tenants in common. But as the firm is insolvent, the joint creditors having a preference, the whole of this claim becomes a fund for their payment and thereby belongs exclusively to the plaintiff, and necessarily a debt against the estate. As such debt, the plaintiff seeks to recover it in these actions, and but for the representation of insolvency, the action at law might have been maintained. Such debts it is the duty of the administratrix to pay, but she must pay them in the way pointed out by the law. She had the right to interpose insolvency as she has done, and having interposed it, by the express terms of the statute, she is exempt from actions for any debt except in a few specified instances, and these suits, both of which are for the same cause of action, come within none of the exceptions named. In fact, it is not claimed that they do, or that they were pending at the time the representation of insolvency was made and prosecuted to ascertain the amount due as evidence to be given the commissioners, or that the amount ascertained may be added to the report of the commissioners; but they are prosecuted independent of the commissioners, not only for judgment, but for execution, not only to ascertain the amount due, but that the whole amount shall be paid. This is done not under or in pursuance of any provision of the statute, but in spite of it, relying "upon the equitable lien for re-imbursement upon common law principles,

applicable to partnerships independent of any statute. " While there is such a lien at common law where the statute does not apply, when it does, the common law, if in conflict, must yield. But in this case there is no conflict. Strictly speaking, the firm have something more than a lien upon the claim in suit; it has the ownership of it. But whether lien or ownership, it does not change the nature of the thing, or increase or diminish its value. In either view, it is a debt against the intestate created by contract, and is worth what can be collected upon it by the proper legal process. In law or equity, no reason is apparent why one contract creditor in such a case, should have any preference over another.

If we consider this an action to indemnify the plaintiff for the excess above his share, paid by him for partnership debts, the result must be the same, except perhaps in that case the action should have been in the name of the plaintiff as an individual under his specific contract of indemnity with the intestate, and not as surviving partner. The case shows an express contract between the plaintiff and intestate, by which the latter was to re-imburse the former one-half of such excess. Thus this liability rests upon the personal contract of the intestate, and must stand upon the same ground as other indebtedness arising from personal contracts.

Thus, in any view we can take of this case, the liability to be enforced is one against the intestate as an individual, growing out of the fact that he was a member of the firm, but nevertheless depending upon his personal contract.

The plaintiff relies with much confidence upon *Welby* v. *Phinney*, Adm'r, 15 Mass. 124, to sustain his action. It is true that that case is substantially like the present one, and that the statute relating to the settlement of insolvent estates then in force in Massachusetts, was the same as ours in all respects material to the question at issue. How that case came into the court, whether by appeal or consent, or was commenced before the representation of insolvency, does not appear. But it was presented to the law court upon a report of referees, which in effect is the same as upon a statement of facts as in this

case. The questions there presented were whether the action could be sustained at all, as it depended upon the settlement of partnership affairs, and if so, for what amount, as the loss which the plaintiff would finally sustain by means of the partnership was uncertain, the referees having fixed it, up to the time of making the report. The court decided that the action could be maintained, and fixed the amount to be recovered as reported by the referees. But what is important in its bearing upon this case, is that the amount was subject to revision by subsequent proceedings, and one of those proceedings was the amount which might be paid upon a distribution of the deceased partner's estate. In alluding to the amount the court say : "It is true that we can not now say that he will eventually be entitled to retain the whole *dividend*, which may be decreed to be paid him in the distribution of *Harrison's* estate ; for that may be so considerable as to pay more than *Harrison's* just proportion of the debts of the firm. " Again on page 125 the court say : " The plaintiff may hereafter be compelled to pay the outstanding debts, which have been represented as of considerable amount ; and *after the distribution of Harrison's estate*, he can have no relief. " Thus it appears that under the decision of the court, the amount to be recovered was not necessarily the amount to be paid by the administrator, as this would depend upon the decree of distribution of the estate. In other words, no execution was to issue upon the judgment, but it was to be added to the commissioner's report for its distributive share of the estate, and this was the only remedy which the plaintiff could have.

It is, therefore, apparent that the case cited is not only not in conflict with the conclusion to which we have come, but is an authority for it.

In *Johnson* v. *Ames*, 6 Pick. 330, an action very similar to the one at bar, it was held that insolvency of the estate of the deceased partner, decreed before the commencement of the suit, was a bar to its maintenance, no notice of appeal having been given, although there was a surplus of assets after the distribution among creditors who had proved their claims. It was then suggested that there might be a remedy in equity applicable to the surplus only.

As in this case no surplus appears, *Johnson* v. *Ames* must be considered an authority for the conclusion in the case at bar that the plaintiff's remedy is before the commissioners of insolvency.

In the equity suit, the entry must be,

*Bill dismissed without costs.*

In the suit at law,

*Plaintiff nonsuit.*

PETERS, C. J., WALTON, LIBBEY, EMERY and FOSTER, JJ., concurred.