HOLTON et al. v. GUINN.

(Circuit Court, W. D. Missouri, W. D. January 21, 1895.)

1. EQUITY—PLEADING—SIGNING ANSWER.
    The court may allow defendant to sign his answer where objected to because not signed.

2. SAME—VERIFICATION.
    Objection that an answer is not verified may be obviated by the court's allowing its verification.

3. SAME—JOINDER OF DEFENSES IN ANSWER.
    Under equity rule 39 defendant may join in his answer all matters of defense in bar or to the merits of the bill.

4. SAME—DENIALS.

In equity pleadings, denials or admissions should be specific and direct, and it is not enough to allege that every allegation of the bill, not expressly admitted, is denied.

5. PARTNERSHIP REAL ESTATE—RIGHTS OF SURVIVING PARTNER—PARTITION.

A surviving partner has, for the purpose of administering and winding up the partnership affairs, the right of possession of partnership real estate, exclusive of the deceased partner's heirs, and therefore they cannot, pending the administration, maintain against him an action for partition thereof.

6. DOWER—IN PARTNERSHIP REAL ESTATE.

The dower of a deceased partner's widow does not attach to his interest in partnership real estate till the partnership debts are paid.

7. PARTITION—ADJUSTMENT OF PARTNERSHIP ESTATE.

A bill framed for partition and accounting as between tenants in common cannot be maintained as a bill for adjustment of a partnership estate, it appearing that the land is part of an unadministered partnership estate, defendant being the surviving partner, and plaintiffs, heirs of the deceased partner.

Suit by Holton and others against Guinn for partition. Heard on exceptions to the answer.

E. W. Pattison and A. E. Spencer, for complainants.

Karnes, Holmes & Krauthoff and Thomas & Hackney, for defendant.

PHILIPS, District Judge. Complainants have filed exceptions to the answer herein, which, for the purpose of consideration, will be grouped together in respect of their materiality.

1. It is objected that the answer is not signed by the defendant. This has been obviated by affixing the signature of defendant by leave of court.

2. It is objected that the answer conjoins matter of defense with matter in the nature of a plea in bar, and the same is not verified ·by proper certificate of counsel. Under rule 39 of practice in equity, a defendant is entitled in his answer to insist upon all matters of defense in bar, or to the merits of the bill. Waiving the question as to whether an answer thus containing matter in bar with the merits should be treated as of the nature of a dilatory plea, counsel for defendant, by leave of court, have appended to the answer the formal certificate required by rule 31.

3. It is objected that the answer does not specifically deny or admit whether or not the oratrix Sarah H. Lloyd is the widow, and the orators Tyree and William Lloyd are the heirs, of Elijah Lloyd, deceased. The answer denies every allegation of the bill not expressly admitted to be true. This form of pleading is of questionable admissibility, even in a law action. Long v. Long,' 79 Mo. 649. In equity pleading, designed to search out the conscience of the party, and to put him to the very truth of the matter, all semblance of double and evasive pleading should be avoided, so as not to leave' the adversary to seek out through the whole body of the pleading, and determine at his peril, precisely what is intended to be admitted and what controverted. Specific and direct denials or admissions not only tend to define and sharpen the issues, but better enable

the parties to prepare for trial, and save costs and trouble in taking testimony on matters not in good faith controverted. The answer in this respect should be made more specific, as also the issue tendered in the bill as to the guardianship of the alleged minors, and the action respecting such guardianship taken in the probate court of Jasper county. These are mere formal matters, the evidence of which is readily accessible to the pleader, and he should take the pains to ascertain such facts before taking issue thereon in the forum of conscience.

4. The remaining exceptions, stripped of all specialty and technicality, depend for their disposition upon the single question whether or not the matters and things pleaded over in the answer constitute any bar to complainants' right to the relief sought in the bill. The theory and gravamen of the bill is that one Elijah Lloyd, late husband of the oratrix and father of the orators Tyree and William Lloyd, died intestate in 1892, seised of the undivided one-half·interest in certain lands situate in Jasper county, this state, and that the respondent, Guinn, is the owner of the other undivided one-half interest in said lands. After alleging the occupancy and use of said lands, and the reception of the rents and profits thereof, by the respondent, the bill seeks to have the lands partitioned, and the widow's dower assigned, and for an accounting against the respondent. The answer denies generally these averments of the bill, and then pleads affirmatively the substantive facts following, to wit: That in 1874, and prior thereto, the respondent was the owner in fee of said land. That at said time said lands were believed by respondent and said Elijah Lloyd to be mineral lands of great value; and that thereupon they formed a copartnership, under the firm name of Guinn & Lloyd, for·the purpose of prospecting for mineral ores, and developing the same, and conducting mining operations thereon; and to that end entered into articles of copartnership, the principal provisions whereof are that the lands should be examined and prospected, and, in case valuable minerals were found, the same should be mined, and the product marketed. That said Lloyd was to make such examination, and give his personal attention thereto, the expenses, losses, and profits connected therewith to be equally shared between them, and securing to said Lloyd the right to purchase of respondent the one-half interest thereunder at any time during the existence of the partnership, by paying therefor such portion of the sum of $6,000 (the original price paid therefor by respondent) as should be equal to the portion of the interest in said land purchased by Lloyd, the sum so to be paid by Lloyd to draw interest at the rate of 10 per cent. per annum from the date of respondent's purchase of said land until the same should be paid by said Lloyd. It is further provided that whenever the profits arising from mining operations and the sale of part of the land should amount to the sum of $6,000, and be received by Guinn, together with 10 per cent. interest as aforesaid, then the said Lloyd should become owner of an undivided one-half interest in the lands remaining unsold; whereby it is averred the land became partnership property, respondent putting the land into the partnership, and the said Lloyd putting in his personal serv-

ices free of charge to the partnership. The answer then avers that in May, 1883, the profits of said mining operations amounted to the sum of $6,000, together with 10 per cent. interest thereon, and said Lloyd thereby acquired an interest in the assets of the partnership equal to the interest of the respondent therein; and thereupon, in pursuance of the articles of copartnership, the respondent made a deed of conveyance to said Lloyd of an undivided one-half interest in said lands, and said Lloyd thereby became interested with respondent in all the partnership property, including said real estate. The answer further avers that thereafter the said partners began prospecting and mining operations further on said lands, and that from time to time respondent advanced to said partnership large sums of money for conducting the said partnership business; which said partnership was so carried on until June, 1892, when said Lloyd departed this life. That during the said copartnership the said Lloyd was the active business manager of said firm, receiving and disbursing large sums of money on account thereof, and received and drew out of the partnership assets large sums of money in excess of the amount received by respondent; and that said Lloyd appropriated to his own use a large amount of certain personal property belonging to the partnership, so that at the time of his death he had appropriated partnership property largely in excess of the amount which was received by the respondent. The answer then alleges that the partnership affairs have never been settled, and a full accounting had thereon. That soon after the death of Lloyd respondent was duly appointed by the probate court of Jasper county, Mo., having competent jurisdiction thereof, administrator of the said partnership estate, as surviving partner of said firm. That he executed a bond as such surviving partner, pursuant to the statute of the state, which was duly approved by said probate court; and that he has since been proceeding as such surviving partner and administrator to have charge of and administer said partnership estate; and that said administration has not yet been completed, but is still pending, and that the time for filing claims against said estate has not expired. That he has been and is proceeding with all reasonable dispatch to close up the affairs of said partnership. That owing to the character of the property, and the condition of the affairs of said partnership, it has been impossible for him to close up the affairs of said partnership, and he is unable to state the condition of the affairs thereof. That on a settlement thereof the said partnership will be found to be indebted to respondent in a large sum of money, which he believes will amount to the sum of $20,000, and that said sum so due him constitutes a lien upon the land in question, and that until the closing of said partnership administration the interest of complainants in said real estate cannot be determined. The answer takes direct issue on the averments of the bill that complainants and defendant are tenants in common in the real estate, or that he has recognized that fact since the death of Lloyd, or that he has received any rents or profits of said lands as a tenant in common; but admits that during his administration as surviving partner he has received rents and royalty therefrom, which sums he

has credited to said partnership estate, and applied to the payment of partnership debts, and that as such administrator he has made and is making annually an accounting to the said probate court. The answer further alleges that upon the death of said Elijah Lloyd letters of administration were granted by the said probate court, of competent jurisdiction, on the estate of said Elijah Lloyd, to one Andrew Donnan, which estate is yet in process of administration, and that the time is not yet expired for the presentation and allowance of claims against the individual estate of said Lloyd; and it is further averred that, after the settlement of the partnership affairs, the interest of said Elijah Lloyd's heirs will be subject to the payment of the individual debts of said Lloyd.

The question, therefore, is, conceding these facts as pleaded, are the complainants entitled to proceed in partition of the lands, and for an accounting of the rents and profits thereof, against this respondent? If the lands were partnership property on the death of Lloyd, one of the partners, the right of possession, dominion, and management thereof devolved upon respondent as such surviving partner, for the purpose of administering and winding up the partnership affairs. In contemplation of law, the realty for this purpose is personal property and partnership assets. Its primary liability in his hands is for the debts of the copartnership. To this end respondent is entitled to the usufruct thereof, for the purpose of paying off partnership debts; and he may sell and dispose of such real estate, if necessary to such end. Easton v. Courtwright, 84 Mo. 27; Hollman v. Nance, Id. 674; Duryea v. Burt, 28 Cal. 569. The surviving partner who has advanced moneys for the use and benefit of the partnership, or for the benefit of the estate, is a creditor of the estate therefor, and is entitled to a lien on the partnership property for recompense. Priest v. Chouteau, 85 Mo. 398–406, Willett v. Brown, 65 Mo. 138. Until such administration is closed by discharge of the partnership debts, the possession of the partnership realty by the surviving partner is adverse to and exclusive of the heir at law, and hence suit in partition will not lie. Holmes v. McGee, 27 Mo. 597; Priest v. Chouteau, 85 Mo. 407; 2 Bates, Partn. 971 et seq.; 1 Woerner, Adm'n, § 126. Nor does the widow's dower attach to the deceased husband's interest until after the partnership debts are discharged. Authorities supra. In view of the state of the law, it is not essential that the court should discuss the extent of respondent's interest in the land, or the relative equities of the partners respecting the same. That question cannot be determined in a partition suit, if the lands were partnership property, and the partner is holding the same as surviving partner for the purposes of adjusting the partnership liabilities. Nor is it necessary for the court to undertake to determine the question, mooted by counsel, as to whether the fact that respondent, as surviving partner, has given bond to the probate court of the county where the land lies, and is accounting thereon, as surviving partner, administering the partnership estate, to the probate court, has the effect to preclude a court of chancery from entertaining a bill in equity for the adjustment of the partnership estate. The bill in question is not framed on the

theory of an unsettled partnership, but is simply for partition and accounting as between tenants in common.   The answer, therefore, in my opinion, pleads matters which, if true, are a bar to the relief sought in the pending bill, and the exceptions thereto are overruled, save in the matters first indicated in this opinion.