## Mary Finnegan v. H. M. Allen et al.

1.  PROSPECTIVE PROFITS—*Can Not be Recovered.*—As a general rule the expected profits of a business can not be proved and therefore can not be recovered. They might have been made, and they might not. Instead of profits, there might have been losses.

2.  PARTNERSHIP—*Rights of Surviving Partner.*—The right to collect debts and to sue for demands due a firm of which one member dies, devolves upon the surviving partner, and against him actions for firm liabilities may be brought.

3.  ABATEMENT—*Action for Damages for Wrongfully Suing Out an Injunction.*—The right of a partnership to have damages assessed upon the dissolution of an injunction does not abate upon the death of one of the partners. If the opposite party does not see fit to bring in the personal representatives of the deceased member he can not be heard to complain that the decree entered after the death of such member is erroneous.

4.  DAMAGES—*On Dissolution of an Injunction—Surviving Partner.*— The damages awarded upon the dissolution of an injunction against a partnership being firm property are, in case of the death of one member of the firm, recoverable by the surviving partner.

5.  INJUNCTION — *Damages on Dissolution — Allowance of Claim Against Estate of Deceased Partner for Attorney Fees—No Bar.*—The allowance of a claim against the estate of a deceased partner for attorney's fees in dissolving an injunction against the partnership does not discharge the surviving partner from his obligation to pay it, or prevent an award of damages upon the dissolution of the injunction for the amount necessarily incurred in employing attorneys to procure such dissolution.

Assessment of Damages, on dissolution of an injunction. Error to the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1895. Affirmed in part and reversed in part. Opinion filed October 31, 1895.

### STATEMENT OF THE CASE.

This is a writ of error to the Superior Court of Cook County to bring before this court the findings of the Superior Court on the assessment of damages for the wrongful suing out of the injunction in this case.

It appears from the record that on or about the 7th day of July, 1891, Mary Finegan, the plaintiff in error, filed her bill in the Superior Court of Cook County, alleging, among other things, that she was seized and possessed of the prem-

ises, 661 Carroll avenue, and had occupied the same as a residence; that on or about July 1, 1891, the defendants, Nellie Allen and H. M. Allen, had obtained a permit from the city of Chicago, to build a shelter shed on the adjoining premises, fourteen feet high, twenty-four feet wide and ninety feet in length; that the shed was being built in violation of the ordinances of Chicago; that on the 7th day of July, said Allens commenced and were erecting the so-called shelter shed attached to a cottage on said premises. That this shelter shed was a subterfuge and that it was the intention, in time, to inclose all the premises and use the same for a machine shop, and for a foundry. The bill also stated that a blast furnace was to be used on said premises and a number of men would be employed therein and in consequence thereof the complainant's property would be injured by reason of the noise, dirt and smoke and she suffer physically by reason of the same.

The bill prayed that an injunction be issued restraining said defendants from erecting and constructing the said shelter shed on said premises and altering, repairing and constructing said cottage without a permit; and from raising the same without a permit; and from constructing a wooden basement under the same; that they be temporarily enjoined from maintaining the so-called shelter shed, etc.

On the same day an injunction was issued in accordance with the prayer of said bill. The said injunction writ restrained the said H. M. Allen and Nellie Allen from "erecting and maintaining on the premises, 659 Carroll avenue, Chicago, Cook County, Illinois, a certain so-called shelter shed; from altering, repairing and reconstructing a certain frame dwelling house on the same premises; from raising the said dwelling house and from constructing a wooden basement under the same; from shedding the eaves drip from said frame dwelling house onto the premises, 661 Carroll avenue, Chicago, Ill., and from conducting and maintaining a foundry or other obnoxious business on said 659 Carroll avenue.

The defendants, Nellie Allen and Henry M. Allen, answered the bill.

Afterward, a general order was entered dismissing the suit for want of equity, but retaining it for the purpose of assessing damages. On April 23, 1892, the defendants, H. M. Allen and Nellie Allen, filed written suggestions as to the damages they sustained by reason of the wrongful suing out of said injuction. Subsequently, on May 14, 1892, an order was entered in said court finding H. M. Allen insolvent and making his assignee a party defendant, and afterward, on May 27, 1892, an order of court was entered suggesting the death of Nellie Allen.

On April 5, 1894, an order was made giving leave to substitute the administrator of the estate of Nellie Allen, deceased, and an order was also entered for a reference to the master to take testimony and report his conclusions thereon in the matter of the assessing of the damages.

The master allowed $300 for attorney's fees, also the sum of $1,080 for damages sustained by the defendant, H. M. Allen, because he was deprived of carrying out a certain contract mentioned in said report, whereby he sustained a loss to his business in the way of profits to that amount. The master also allowed the sum of $225 for the rental of the premises in controversy, making a total amount found due by the master for damages of $1,605, and he also found that the defendants, H. M. Allen and Nellie Allen, were partners in establishing and conducting business sought to be located on the premises in controversy. Objections and exceptions were filed to said master's report and the same were afterward, on April 24, 1895, overruled, and the master's report affirmed.

E. T. CAHILL, attorney for plaintiff in error.

BUELL & WELLS, attorneys for defendants in error.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The finding of the court, as to a loss of anticipated profits, is as follows:

" The court further finds that the said defendants had made a contract with Wm. McGregor & Co., in and by which said contract the defendants had agreed to deliver to the said Wm. McGregor & Co. one hundred tons of castings, to be delivered at the rate of eight tons per month, at the price of $40 per ton for castings known as " grate castings," and $50 per ton for castings known as " machinery castings," for which the said Wm. McGregor & Co. had agreed to pay the said defendants the above named prices, and that by the wrongful suing out of the said injunction the said defendants were prevented from delivering the said castings to the said Wm. McGregor & Co.; that the said defendants could and would have made a profit of $15 per ton on each ton of castings thus contracted to be delivered, which profit they did not and could not make because of the wrongful suing out of the injunction herein, by reason of which the said defendants were damaged to the amount of ten hundred and eighty dollars."

As a general rule the expected profits of a business can not be proved and therefore can not be recovered. They might have been made, and they might not. Instead of profits there might have been losses. High on Injunctions, Sec. 1663; Consumers' Pure Ice Co. v. Jenkins, 58 Ill. App. 511; Olmstead v. Burke, 25 Ill. 86; Green v. Williams, 45 Ill. 206; Hadley v. Boxendale, 26 Eng. Law & Equity 398.

There may be found cases in which courts have allowed proof of the profits which might have been made under contracts of which the wrongdoer who prevented their performance had notice. Without commenting upon such authorities, it is sufficient to say that there is no evidence that complainants in error were aware of the contracts the defendants are shown to have had. Moreover, there is no evidence that the defendants could not have carried out the contracts they had at some other place or hired other parties to have manufactured the castings.

We think that the evidence fairly sustains the conclusions of the master that the defendants paid the rent of the premises, which they were enjoined from using, although the lease thereof ran to the Allen Machine Works.

It is urged that H. M. Allen and his wife were not part-ners, and therefore the allowance to him as surviving partner is improper.

The existence of a partnership is largely a question of intention between the alleged partners.

H. M. Allen and his wife seem to have considered them-selves partners, and to have acted as if they were such.

The right to collect debts and to sue for demands due the firm devolves upon the surviving partner; and against him actions for firm liabilities may be brought. The action against the plaintiff in error did not abate because of the death of Mrs. Allen; if she did not see fit to bring in her personal or legal representatives, she can not now be heard to 'complain that the decree entered after her death is erroneous. Lindley on Partnership, Vol. 1, p. 341.

The damages awarded for the dissolution of this injunc-tion, being firm property, were recoverable by the sur-viving partner.

The obligation of H. M. Allen and his wife to pay the attorneys by them employed to procure a dissolution of this injunction was joint and several; the partnership debts are joint and several. Doggett v. Dill, 108 Ill. 560.

The allowance of the attorneys' claim against the estate of Mrs. Allen did not discharge H. M. Allen from his obliga-tion to pay it, or forbid an award of damages in this action of the amount necessarily incurred in employing attorneys to procure a dissolution of the injunction.

The decree of the Superior Court awarding $1,080 for ex-pected profits is reversed, and the decree awarding $525 as damages on account of loss of use of the premises and for attorneys' fees is affirmed.

The complainant in error will recover costs in this court. Affirmed in part and reversed in part.