In re SAUER'S ESTATE.

(Surrogate's Court, New York County.   January 22, 1915.,

WILLS (§ 695*) — SURROGATE'S COURT — CONSTRUCTION OF WILL — RIGHT OF AFTER-BORN CHILD.

The Surrogate's Court will not construe a will to determine whether it provides for an after-born child, as required by Decedent Estate Law (Consol. Laws, c. 13) § 26, since the child, if not provided for, has a remedy under section 28, of which the surrogate has no jurisdiction, and any construction by the surrogate would not be binding in such action.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1665–1669; Dec. Dig. § 695.*]

Proceedings for the probate of the will of Frederick H. Sauer, deceased.   Petition of the guardian of testator's minor child for construction of the will.   Denied.

Seybel & French, of New York City, for proponent.

Edward R. Rayher, of New York City, special guardian.

FOWLER, S.   In a probate proceeding the special guardian of an infant asks for construction of the will, pursuant to the old part of section 2615, C. C. P.   The will in this matter was admitted to probate, and its construction reserved, in conformity with the statute, for further hearing and decree.   Such hearing has now been brought on, and counsel fully heard, but no proofs were tendered.   The single point for construction is whether or not the will of the late Mr. Sauer, the father, provides for the after-born infant child, in conformity with section 26, Decedent Estate Law.   If not so provided for, section 28, Decedent Estate Law, prescribed the remedy of the omitted child, and confers a right of action on such child in vindication of the right.

Such action does not lie in the Surrogate's Court.   I have no doubt that, under the circumstances, I ought not to proceed to construction, as any decree I might enter thereon would not be binding on the court in which the action to vindicate the infant's right lies.   If a will affects real property, I am persuaded that no one would take a title to it resting on our decree for construction under the circumstances shown in this matter.   The remedy of an after-born child, under circumstances of the kind here presented, is exclusive, and depends wholly on statute.   Section 27, Decedent Estate Law.   How, then, can our decree bind a court possessed of exclusive jurisdiction?   It has been held by our highest court that the after-birth of an infant is not operative as a revocation of the   parent's will.   Smith v. Robertson, 89 N. Y. 555.   The statutory right given to the after-born child, it has been said, is suggested by precedents found in the civil law.   Per Scott, J., Wormser v. Croce, 120 App. Div. at p. 289, 104 N. Y. Supp. 1090.

I will now follow the analogy suggested by Mr. Justice Scott in the case last cited a little farther than he found necessary.   In the Roman law the principle of legitim prevented the disherison of children, and,

to a certain extent, at one time, before the statute of wills, this principle was recognized by our own common law, especially in those ancient counties or towns once subject to the civil law during the time of the Roman occupation and ascendancy. This principle is still recognized in the law of France (article 913, Code Civil), and is binding on our own citizens who have French property (Pellerin's French Law of Wills of Foreigners, 30). The lex Falcidia known to the Roman law, and often cited by our Court of Appeals in cases of this kind, provided that no one could bequeath more than three-fourths of his property. This, before Justinian's time, at least, practically carried to the Roman heir, in any event, one-fourth of the father's estate. A will which did not expresly disinherit children was also, in Roman law, said to be injustum or nullius esse momenti. D. 28, 3, 3, 3. A violation of these principles or rules was not, I think, in the Roman law, remedied by the querela inofficiosi testamenti, or the usual Roman action to set aside the will, but by the common vindicatory action belonging to all heirs by the Roman system.

It is just at this point that the analogies of the Roman law, alluded to by Mr. Justice Scott in the case cited, are most important to us in this matter before me. It is our statute which gives the right to afterborn children omitted from wills. We have seen that the will under our law is not revoked by the after-birth of a child, but that the child is put to his or her statutory action as heir. In our state this action is a special statutory action, which lies in a special court, at least lies only in our general court, and not in this court. No other court than that alone vested with jurisdiction of such actions can determine whether the action lies or not, and that is just what this petition for construction virtually asks me to determine in this proceeding for probate. As my construction will not be binding on the Supreme Court, or, indeed, on any one affected by the statute mentioned, I obviously ought not to render any further judgment or decree in this matter. Of all useless and troublesome things, an ineffectual and voidable judgment is the most useless and the most troublesome. I expressed this opinion, in substance, on the argument, and my subsequent examination of the matter only confirms that opinion.

The petition will therefore be dismissed, but without prejudice to the proper action to enforce the infant's rights in the premises, if any. Enter decree accordingly.