In the Matter of the Estate of ARTHUR G. HUME, Deceased.

Surrogate's Court, Delaware County, February, 1931.

*Govern & McClenthen* [*Leonard A. Govern* of counsel], for the petitioner.

*Ralph S. Ives*, special guardian.

O'CONNOR, S. Arthur G. Hume died on the 22d day of December, 1930, a resident of the town of Harpersfield, county of Delaware, State of New York, leaving him surviving his widow, Kate F. Hume, and two daughters, Helen Hume and Margaret Hume, aged, at the time of their father's death, nine and seven years, respectively. He left a last will and testament dated May 17, 1911, in and by which, after the payment of his debts and funeral expenses, he gave, devised and bequeathed all of his real and personal property of every name and nature to his wife, Kate F. Hume. Deceased had married said Kate F. Hume prior to the making of his said will. As the issue of said marriage, Helen Hume was born January 10, 1921, and Margaret Hume was born March 27, 1923. On the probate of said will Ralph S. Ives, as special guardian for said infant children, asked for a construction of the same and a determination by the surrogate as to what share the widow and the two children above named, as heirs of law and next of kin of the deceased, will respectively take in the deceased's property. The facts above stated have been stipulated by the attorney for the said Kate F. Hume and special guardian for the said infants.

At first there was some question in the mind of the surrogate as to whether he had jurisdiction to determine the respective interests of the parties in the estate of the deceased in this proceeding or whether the infant children should be relegated to the action provided for by the Decedent Estate Law. Section 26 of the Decedent Estate Law provides, in substance, that a child born after the making of a will, who is entitled to succeed to a part of the real or personal property of the testator, may maintain an action to recover his share of the property.

In *Matter of Sauer* (89 Misc. 105) it was held that the child, as heir, was put to his special statutory action under section 26 of the Decedent Estate Law and only the Supreme Court could determine whether or not the action would lie and that a petition to the Surrogate's Court asking for a determination as to whether or not a testator by his last will had provided for his afterborn child must be dismissed. The decision in *Matter of Sauer* was made in 1915, prior to the amendment of the Surrogate's Court Act in 1921 which enlarged the equitable powers and jurisdiction of the Surrogate's Court. Under section 40 of the present Surro-

gate's Court Act, each surrogate has, in addition to the powers conferred upon the Surrogate's Court or upon the surrogate by special provision of law, jurisdiction upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires. Also, by paragraph 8 of said section, the surrogate is given jurisdiction to determine the validity, construction and effect of any disposition of property contained in any will proved in his court, whenever a special proceeding is brought for that purpose, or whenever it is necessary to make such determination as to any will in a proceeding pending before him or whenever any party to a proceeding for the probate of any will, who is interested thereunder, demands such determination in such proceeding. It is perfectly apparent from the language of this section that the surrogate now has jurisdiction to determine the questions at issue in this proceeding upon the probate of the will of the deceased.

This very question was decided by Surrogate SCHULTZ in *Matter of Dick* (117 Misc. 635), and he there held that the Surrogate's Court has jurisdiction to construe a will as to afterborn children, which jurisdiction may be allowed in the probate proceeding, in a special proceeding brought for that purpose or upon an accounting. (See, also, *Matter of Halvordson*, 137 Misc. 75; *Matter of Dwyer*, 192 App. Div. 72.)

I, therefore, hold that this court has jurisdiction to construe this will and to determine the share of each of the parties in the estate of the deceased.

The will of the deceased was made on the 17th day of May, 1911. Both of his children were born subsequent to the making of the will, one in 1921 and the other in 1923. Naturally, no mention is made of them in the will of the deceased and they were not provided for therein, nor were they provided for by any settlement. They, therefore, come fully within the provisions of section 26 of the Decedent Estate Law which provides as follows: " Whenever a testator shall have a child born after the making of a last will, either in the lifetime or after the death of such testator, and shall die leaving such child, so afterborn, unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will, every such child shall succeed to the same portion of such parent's real and personal estate, as would have descended or been distributed to such child, if such parent had died intestate, and shall be entitled to recover the same portion from the devisees

and legatees, in proportion to and out of the parts devised and bequeathed to them by such will."

The provisions of this statute do not revoke the will in its entirety but only so much of the will as disposes of that portion of the decedent's estate to which the afterborn children are entitled to under the statute. (*Smith* v. *Robertson*, 89 N. Y. 555, at p. 558.) Therefore, the question to be determined is what portion of their father's real and personal estate would have descended or been distributed to these children if he had died intestate. The question at to what share the children would take of their father's personal property is very easily answered. Both under the statute in force prior to September 1, 1930, section 98, subdivision 1, of the Decedent Estate Law, and that now in force, section 83, subdivision 1, of the Decedent Estate Law (as amd. by Laws of 1929, chap. 229), the children are each entitled to one-third of the personal property of their father, after the payment of his debts, funeral expenses and expenses of administering his estate and his widow is entitled to one-third.

The question as to what portion of the real estate the children are entitled is not to be determined so readily for the reason that the amendments to sections 82 and 83 of the Decedent Estate Law and section 190 of the Real Property Law, which went into effect September 1, 1930, abolished the inchoate right of dower and gave the widow, in lieu of her dower, one-third of the real estate of deceased outright. These statutes, as amended, apply to the estate of a person dying intestate after August 31, 1930, and to the estate of a testator leaving a will executed after that date. It is perfectly apparent from sections 82 and 83 of the Decedent Estate Law that these provisions were intended to be in lieu of any and all rights of dower. Section 82 specifically so provides and the note of the Commission thereunder expressly states: " It is intended that no surviving spouse shall have a right to dower in addition to the greatly increased participation provided under section 83."

However, section 190 of the Real Property Law (as amd. by Laws of 1929, chap. 229) specifically provides as follows:

" When the parties intermarried prior to the first day of September, nineteen hundred and thirty, a widow shall be endowed of the third part of all the lands whereof her husband was prior to the first day of September, nineteen hundred and thirty, seized of an estate of inheritance, at any time during the marriage."

The real property left by the decedent was acquired prior to the 1st day of September, 1930. Therefore, there can be no question that the widow, Kate F. Hume, is entitled to dower in

the real estate of her deceased husband. Had the decedent, Arthur G. Hume, died prior to the 1st day of September, 1930, the children would have taken the real property, subject to the dower of their mother. The decedent, however, died after September 1, 1930. His will having been made prior to the birth of his children and they not having been mentioned nor provided for therein or otherwise, are entitled to share his real and personal property the same as if he had died intestate, and the law which governs the amount of real and personal property which they are to receive is that in force at the time of his death, which is subdivision 1 of section 83 of the Decedent Estate Law. This gives them each one-third share of the real estate leaving one-third of the real estate of the decedent undisposed of.

It might be inferred that it was the intention of the Commission and also of the Legislature, where the parties had intermarried prior to September 1, 1930, and the testator died after September 1, 1930, intestate, the widow was entitled to her dower and no more and the children to the real estate of the deceased subject to the dower interest of their mother. It was the manifest purpose of the Commission and Legislature to abolish dower, which furnished no adequate protection to the wife and, in many cases, seriously complicated the sale of the real estate, and to make a more liberal provision for the widow. It seems as if this beneficial provision for the widow should have been extended so as to cover even those cases where the parties had intermarried prior to September 1, 1930, by giving the widow a right to elect whether she would take dower or one-third share of the real estate outright. If it were not for the evident intent of the Legislature, as indicated by the provisions of section 190 of the Real Property Law, and of the Commission, as expressed in its notes and reports, that where the parties have intermarried prior to September 1, 1930, the widow is only entitled to her dower and not entitled to take one-third share of the real estate of the decedent outright, the court would hold that where decedent died intestate after September 1, 1930, the widow would have a right to elect as to whether she would take dower under section 190 of the Real Property Law or one-third share of the real estate under subdivision 1 of section 83 of the Decedent Estate Law. I am of the opinion that such a decision would even now be warranted as I can see no reason why the beneficial results to all parties concerned of these amendments should be any longer delayed. Here the decedent left a will in which he gave, devised and bequeathed all his real property to his widow. Although the will does not so state, there can be no question that this provision was intended by the testator to be in lieu of dower because there is

a manifest incompatibility between that provision and dower. However, the law has stepped in, altered the will of the testator and as to two-thirds of the personal property and at least two-thirds of the real estate rendered it inoperative, by taking it away from his widow and giving it to his children. Further than this, there is no reason why the court should permit the law to interfere with the intention of the testator or the disposition of his property, nor is there any reason why the widow should not receive all of the property which was devised to her by the testator in his will, except as to the portion which the law expressly takes from her and gives to her children. Under the will, therefore, she is entitled to one-third of the real estate outright because the testator gave all his real estate as well as his personal property to her. The birth of the afterborn children revoked the will only as to the property which the children are entitled to take, which is two-thirds, because subdivision 1 of section 83 gives one-third of the real estate outright to the widow. She is also entitled to dower under section 190 of the Real Property Law. But she cannot take both dower and the one-third share of the real estate outright, because the provision made for her under subdivision 1 of section 83 of the Decedent Estate Law is specifically in lieu of dower. If she takes under the will the provision made for her therein must be construed to be in lieu of dower because there is a manifest incompatibility between that provision and dower. Under such circumstances she cannot take both and is put to her election between them.

In *Wilson* v. *Wilson* (120 App. Div. 581) it is held: " Where a testamentary provision for a widow is inconsistent with her taking dower, although it be not in terms in lieu of dower, she is nevertheless put to an election whether she will take dower instead of the provision, for she cannot in such case have both, nor can she in any case be deprived of dower without her consent." (See, also, *Asche* v. *Asche*, 113 N. Y. 232, 235; *Simonds* v. *Rowe*, 110 Misc. 52, at p. 62; affd., 195 App. Div. 914.)

It might be said that there could never be any question as to whether a widow under such circumstances would elect to take dower or the one-third share of the real estate outright. There might easily be a situation where a dower right would exceed in value the one-third share which she would take absolutely. If the real estate should happen to be incumbered by a mortgage in which she had not joined it might easily be that her dower would be more valuable to her than the one-third share incumbered by the mortgage. There might also be a situation where on account of her age the one-third life use might exceed in value the one-

third share. However, as to which she shall elect to take is not for the court to say but is for her to decide. All the court is deciding in this case is that the widow, under the circumstances here, has the right to elect whether she will take dower in her husband's real estate or whether she will take one-third share outright. In case she elects to take dower then the children take the real estate subject to the dower of their mother therein.

The decision of the court is that the children of the decedent are each entitled to one-third of the decedent's personal property and the widow to one-third and that the widow must elect whether she will take her dower interest or one-third of the real estate outright. If she elects to take dower the real estate is to belong to the children subject to her dower interest therein; if she elects to take the one-third share outright the two children each take a one-third share thereof.

A decree may be entered accordingly.