FULTON, HENSLEY & CO., AND OTHERS v. ROBERT THOMPSON.

Where goods are sold upon credit to a member of a partnership in the partnership name, upon the express understanding and agreement that he shall personally superintend the sale and disposition of the goods at their place of destination, and the credit is given upon this assurance, and upon special trust and confidence in the partner so making the purchase, in case of the death of such partner, the seller may rescind the sale and reclaim the goods, provided the sale shall not have been so completely consummated and executed, as that the parties could not be placed in *statu quo*.

In this case the partner died before the goods reached their destination, or came to the possession of the vendees ; and we have no doubt it was the right of the vendees to reclaim the goods (by stopping them in their passage,) and rescind the contract.

See this case as to the relative rights of a surviving partner, and of the representatives of a deceased partner.

See this case as to an offer "to surrender and cancel every note, bill or obligation," etc., and an exception on the ground that they were not filed, nor produced in Court, nor exhibited with the answer.

Appeal from Calhoun.   Tried below before the Hon. Fielding Jones.

Petition by appellee, filed December 20, 1854, as follows :

To the Hon. Fielding Jones, Judge, &c.   Your petitioner, Robert Thompson, a citizen of Gaudalupe county, State of

Texas, would respectfully represent unto your Honor, that during the year 1853, petitioner and one Matthew W. Lindsay, entered into a partnership in selling merchandise in Seguin, Texas, using, as a firm name, the name and style of " Lindsay & Co. ;" that during the Fall of the present year, or probably in the latter part of the summer of this year 1854, the said firm of Lindsay & Co. purchased of divers merchants in the Northern cities large amounts of merchandise, &c., which were duly shipped from the place of purchase to the care of Fulton, Hensley & Co., of Port Lavaca, to be forwarded by them, by the usual conveyances, to the firm of Lindsay & Co., at Seguin.    That of the goods so purchased as aforesaid, the following list of packages, boxes, &c., have, as petitioner is informed, reached Port Lavaca and are now in the warehouse of the said Fulton, Hensley & Co., to-wit: (Here followed a description of packages.)    Which said packages, boxes, &c., of goods, wares and merchandise are worth probably from ten to fifteen thousand dollars, the precise amount, unknown to your petitioner, as he has not in his possession invoices of the specific articles contained in said packages, the same being in the possession of petitioner's deceased partner in Memphis at the time of his death.    Your petitioner would further state unto your Honor, that since the purchase and shipment of the goods aforesaid, your petitioner's said partner, Matthew W. Lindsay, has departed this life, leaving your petitioner as his surviving partner, alone authorized to control the property belonging to the said firm of Lindsay & Co.

That the said firm is entirely solvent and able to pay all of its liabilities ; that these facts are known, as petitioner believes, to all of its creditors.    Petitioner would now state, as surviving partner, that he has demanded said goods of Fulton, Hensley & Co., and has offered to pay all just charges, commissions, &c., and that it is the duty of said Fulton, Hensley & Co., to deliver the same without delay to petitioner.    Peti-

tioner hereby tenders in Court all the just charges claimed or held by said Fulton, Hensley & Co. against said goods.

That said Fulton, Hensley & Co., combining or confederating with some person or persons, as petitioner is informed and believes, not to deliver said goods to him as, in justice and law, they ought to do, but detain the same, and your petitioner verily believes, are determined to re-ship the same to some other port, or otherwise dispose of the same in violation of the rights of your petitioner. That by the illegal conduct of said Fulton, Hensley & Co., which petitioner charges to be fraudulent, in detaining said goods, petitioner has been greatly damaged, and claims as damage five thousand dollars. That the said firm of Fulton, Hensley & Co. is composed as petitioner is informed, of the following persons, to-wit: Y. K. Fulton, A. T. Hensley, and J. W. Snodgrass, and, as petitioner is informed, are all citizens of the said county of Calhoun.

The premises considered, petitioner prays that the said persons composing the firm of Fulton, Hensley & Co., who are citizens of Calhoun county, be made parties defendant, and be cited to appear and answer ; and further that writs of sequestration issue, directing the sheriff of said Calhoun county to seize and take into his possession the goods and merchandise as aforesaid, and hold the same, subject to the order of this Hon. Court ; and further that writs of injunction issue, restraining and enjoining the said Fulton, Hensley & Co. from disposing of said goods, or damaging or injuring the same. Petitioner prays that said goods be adjudged the property of your petitioner, as surviving partner, as aforesaid, and that they be delivered into his possession, and that petitioner also have judgment against said defendants for damage suffered by him as aforesaid, by reason of said unlawful and fraudulent conduct of said defendants, etc.

The defendants answered by general demurrer ; general denial ; plea of stoppage *in transitu* and insolvency of the

purchasers; and fourth as follows: And these defendants, further answering, say, that whatever merchandise was purchased by M. W. Lindsay in the city of New York during the summer of 1854, in the name of Lindsay & Co., was shipped by the vendors thereof to the defendants at Port Lavaca to be by them forwarded to Seguin; that after the purchase of said merchandise, and before the same or any part thereof had arrived at Port Lavaca, the said M. W. Lindsay departed this life at Memphis, Tennessee, and that his widow and executrix, —— Lindsay, requested the vendors of said merchandise to take the same back, and release the estate of said M. W. Lindsay, and, in accordance with her wish and desire, the vendors agreed to and did take back said merchandise, and directed these defendants to reship, or hold the same subject to their order upon the receipt of it at Port Lavaca, and that each and every act of these defendants in connection with said merchandise, was done as the agents, and for and on behalf of the vendors and shippers of the same.

Ten mercantile houses of New York filed separate petitions for leave to intervene as defendants, alleging that Fulton, Hensley & Co., acted as their agents; and leave being granted, filed separate answers, all alike, as follows: And now came the defendants, Charles C. North, Jas. S. Sherman, James M. Murphy and Charles C. Randall, partners in trade under the name, style and firm of North, Sherman & Co., of the city of New York, and, for answer to plaintiff's petition deny, each and every, the charges and allegations therein contained, and require strict proof thereof, and of this they put themselves upon the country.

And for further answer these defendants say that they did, in August, 1854, sell to one M. W. Lindsay at the city of New York, a bill of merchandise, who purchased them on a credit in the name of Lindsay & Co. of Seguin, Texas; that said goods were sold upon a credit to the said Lindsay, upon the express agreement with the said Lindsay, that he, said Lind-

say, should go to Seguin, and take personal charge and super-
intendence of the business ; that defendants know nothing of
Thompson, the present plaintiff, and would not have sold him
the goods on a credit, but that said sale was made upon the
credit and express promise and understanding of said Lind-
say, as aforesaid.

Defendants further show that they shipped said goods from
New York, to Lindsay & Co., Seguin, care of Fulton, Hensley
& Co., Port Lavaca, and that a short time thereafter, and
whilst the said goods were at sea *in transitu*, the said Lindsay
departed this life at Memphis, Tennessee, and that immediately
upon his death, his widow and executrix, Martha Lindsay, re-
quested these defendants to take back said goods ; that, in
accordance with said request, they immediately instructed
the defendants, Fulton, Hensley & Co., not to forward said
goods to Seguin, or deliver them to any person, but to re-
ship them to these defendants at the city of New York. And
these defendants charge that, by the death of said Lindsay, it
became impossible for him to comply with the express terms
and conditions, upon which said goods were sold to him upon ·
a credit, and, it being so impossible for him to comply with
his part of the contract these defendants had a right to re-
possess themselves of said goods before they had come into the
possession of said firm of Lindsay & Co., and they say, that
under and by virtue of said right, and in accordance with the
request of the executrix of the said Lindsay, they did, upon
the arrival of said merchandise at Port Lavaca, and before it
had reached its place of ultimate destination, and before it had
come to the possession or control of the said plaintiff, by their
agents, Fulton, Hensley & Co., stop and take possession of said
merchandise, and re-ship the same to the city of New York.
And these defendants would further show that on the ————
day of ———— 1854, the said merchandise arrived at Port
Lavaca, Texas, and was then and there stopped and taken
possession of by these defendants, by their agents, Fulton,

Hensley & Co., and they further charge and show that said goods were so stopped and taken possession of before they had arrived at their ultimate place of destination, and before they had come to the possession or control of Lindsay & Co., or the said plaintiff, Thompson ; and that at the time they were so taken possession of and stopped, the purchase money for the same was unpaid. And they would further show that at the time, and before the stoppage of said goods, the said firm of Lindsay & Co., and the said plaintiff Thompson, had become and were insolvent, and that they had failed and refused to meet, pay and discharge their liabilities ; that a large amount of debts was then outstanding and overdue against the said firm of Lindsay & Co. and the said Thompson.

And they would further show that at the time of the stoppage of said goods the purchase money for the same was unpaid ; that they had a right by law to take possession of and hold said goods in manner aforesaid, to secure the payment of the purchase money for the same. These defendants therefore pray, &c.

Amended petition filed, alleging the removal of the goods, &c. ; their value at $20,000, and other damages from injury to business, at $10,000. March 24th, 1856, amended answer for all the defendants, as follows:

And now came the defendants, by leave of the Court first had and obtained and amend their answer herein. And for further answer they offer to surrender and cancel each and every note, bill or obligation, given by Lindsay & Co., for and on account of the goods, wares and merchandise, for a failure to deliver which this suit is brought.

To which plaintiff filed the following exceptions same day :

And now comes the plaintiff, and excepts to the amended answer of the said defendants ; because he says they tender the notes given for the purchase money of said goods and do not file or produce the same in Court, nor exhibit the same with the said answer.

Same day the plaintiff filed exceptions to the answer of the original defendants, and to the answer of each of the other defendants; example of the latter as follows :

And the plaintiff excepts to answers of Charles C. North, James P. Sherman, James M. Murphy and Charles C. Wardwell, and says that they are not sufficient in law to bar the action of the plaintiff, And plaintiff for special exceptions to said answers sets forth the following, to-wit :

1st. The said answers do not set forth the individual residences of said defendants, nor the residence of either or any of them.

2d. The second plea is insufficient, because it claims the vendor's lien on a portion of the goods sued for in the plaintiff's petition, and the right to stop *in transitu* for the purchase money, without stating what was the character and description of the said goods, or the value thereof, and without setting out the nature, character and amount of the indebtedness of Lindsay & Co. to the said defendants, for the portion of said goods claimed by defendants.

3d. The said plea claims to hold said goods to secure said debts alleged to be due from said Lindsay & Co. to said defendants, and neither proposes to sell the same in discharge or payment of said debt, nor to cancel the same.

4th. Because the allegations concerning the directions of the widow and executrix of Lindsay and her agreement to stop *in transitu* is immaterial, she having no legal authority or power to control the same.

5th. Because the agreement of Lindsay to give his personal attention to the business of the said firm of Lindsay & Co., if any such be made, determined by his death and is immaterial in adjudicating the rights of these litigants.

The exceptions to the fourth plea of Fulton, Hensley & Co., were the same as numbers four and five of the above.

Spring Term, 1856. This day came the parties by their attorneys, and the defendants' demurrer to the plaintiff's peti-

tion was overruled, to which defendants excepted. The plaintiff's exceptions to the various answers, having been argued, the plea numbered four in the answer of Fulton, Hensley & Co., and also so much of the other answers, as related to the request of Mrs. Lindsay to the vendors to take back the goods ; and also the averments respecting the agreement of Lindsay to take personal charge of the affairs of the firm of Lindsay & Co. were stricken out, to which rulings of the Court the defendants excepted ; and the plaintiff excepted to the overruling of his other exceptions. The Court also sustained the exceptions to the defendants' amended answer, to which the defendants excepted.

Verdict and judgment in favor of the plaintiff against all the defendants for $11,206 22.

There were bills of exceptions and a statement of facts, which are not now important.

*Cunningham & Holt*, and *Ballinger & Jack*, for appellants.

*Phillips, Stockdale* and *Glass*, for appellee.

WHEELER, J. Our opinion of the rulings of the Court sustaining exceptions to the answer, will dispense with the necessity of considering other questions raised by the assignment of errors.

If, as alleged in the answer, to which exceptions were sustained, the purchases were effected by the deceased partner, for his firm, on credit, upon the express understanding and agreement on his part, that he would personally superintend the sale and disposition of the goods at their place of destination ; if this contract was entered into upon this assurance, trust and confidence, and this was the ground of the credit extended to the firm, it does not admit of question that it was the right of the vendors to insist upon its fulfilment.

It cannot be doubted that it was their right to make the condition on which they would part with, or deliver the goods on sale upon credit ; and having the right thus to stipulate, it was also their right to have the stipulation performed ; or else, to have the contract rescinded ; provided it was not so completely consummated and executed, as that the parties could not be placed in *statu quo*. Such was not the case. On the contrary, the event which rendered the performance, by the vendees, of their undertaking impossible, happened before the goods reached their destination, or came to the possession of the vendees. And upon the happening of that event, we do not doubt, it was the right of the vendors to reclaim their goods and abandon and rescind the contract.

If, upon the alleged understanding and agreement, possession of the goods had been delivered to the vendees in New York, and, instead of proceeding according to the agreement, they had undertaken to ship them to California, or Nicaragua, or some other foreign port, can it be doubted that it would have been such a breach of confidence and of their undertaking as would have entitled the vendors to treat the contract as virtually rescinded, and resume possession of the goods ? And, in the present case, although the failure of the vendees to comply with their undertaking, upon which they obtained the credit, did not arise from any wrong on their part. but by the act of God,, still the effect was equally to defeat the purpose and intention of the contracting parties ; and to effect an essential change in their circumstances ; which, could it have been foreseen, would, undoubtedly, have prevented the making of the contract.

But if the right of the vendors to reclaim possession of the goods was not complete otherwise, it certainly was so, upon the request of the representative of the deceased partner. The death of the partner was a dissolution of the partnership. It completely put an end to the power and authority of the surviving partner to carry on, for the future, the partnership

Fulton v. Thompson.

trade and business, or to engage in any new transactions or contracts on account of the partnership. It was his duty as surviving partner to cease altogether from carrying on the trade or business of the firm. His rights, powers and duties were thenceforward confined to such acts and dealings with the partnership effects, as were necessary to enable him to wind up and settle the affairs of the partnership. Ordinarily, he would be entitled to close up the affairs of the firm ; and to this end, to receive the debts due to the partnership, and to apply the partnership assets and effects in discharge of its debts. But if there were danger of abuse, or misapplication of the funds, even this right would be controlled by a Court of Equity. (Story on Partnership, Sec. 343, 344.) The deceased and the survivor, it seems, had been engaged in business previously as partners. But this purchase may be regarded in the light of a new adventure. Before the goods had come into the possession of the partners one of them died ; and it is very questionable whether the survivor had the right to go on with the adventure ; certainly he had no right to carry on the business of the partnership after its dissolution. Nor had he any right to the possession of the goods. as against the representative of the deceased, for any other purpose than the necessary one of closing up the business of the firm. But it does not appear to have been necessary that he should have the possession of them for that purpose. The interest and right of the representative of the deceased were equal to those of the survivor for every other purpose. And if the possession of the goods are not necessary for that purpose, he had no exclusive right to the possession, control and disposition of them ; especially was this true, if there was reason to believe he would not employ them for the sole purpose for which he could claim to have control of them ; and there is nothing to warrant the belief that this was necessary, or that the possession of them was sought by him solely for that purpose. His claim and recovery appear to have proceeded on the supposition that he

had the right to them to trade and make profit upon the sale of them, as though there had not been a dissolution of the partnership ; or the representative of the deceased partner was consenting to his continuing the business of the firm, This was an erroneous view of the rights of the parties.

It is objected that the answer was not suficient, in that the notes and securities, given for the payment of the price of the goods, were not attached or made exhibits to the answer, or produced in Court. The answer, however, professed a readiness and made the offer to produce them in Court to be cancelled. This was sufficient, unless the plaintiff had asked inspection of them before the trial. If he had done this, and if, when required, the defendants had failed to produce and give them up to be cancelled, that would have been a good ground for overruling the answer. But nothing of the kind appears ; and it is evident the Court did not sustain the exceptions to the answer upon the ground of informality or insufficiency in the manner of pleading the matters relied on in defence, but upon the ground that they did not constitute a defence to the action ; that the vendors had not the right to retain or resume the possession of the goods, and have a rescission of the contract, though the allegations of the answer were true. In this we are of opinion the Court erred ; for which the judgment must be reversed, and the cause remanded.

Reversed and remanded.