### G. P. Rogers v. John W. Flournoy.

Decided October 27, 1899.

**Assignment for Creditors—Surviving Partner.**

A surviving partner holds the partnership property in trust for the creditors of the firm, and has power to make a general assignment of it for their benefit, but he can not make a valid general assignment for creditors of only his partnership interest therein; and the fact that he has admitted the administrator of the deceased partner into joint possession with him of the property does not alter the case.

Appeal from Refugio. Tried below before Hon. James C. Wilson.

*Samuel B. Dabney*, for appellant.

*Beasley & Flournoy*, for appellee.

GARRETT, Chief Justice.—Prior to August 14, 1897, Thomas McGuill and Martin McGuill were equal partners engaged in a mercantile and ginning business under the firm name of Thos. McGuill & Son. On the date mentioned Thomas McGuill died. At the death of Thomas McGuill the partnership owed a number of debts, one of which was to the appellant, C. P. Rogers. With the consent and approval of the widow and heirs of Thomas McGuill, Martin McGuill remained in charge of and continued the conduct of the business of the late firm of Thos. McGuill & Son until December 9, 1897, when letters of administration were granted upon the estate of Thomas McGuill. The court also made an order on the same day in said estate authorizing the administrator to carry on and continue the said mercantile business, and for that purpose to replenish the stock of goods. Martin McGuill recognized the right of the administrator to the possession of one-half of the property

of the partnership, and the administrator took possession of and inventoried it as the property of the estate and exercised control thereof under the orders of the court. The administrator and Martin McGuill conducted the business together, and one-half of the proceeds of the business and of the collection of the debts owing to the firm were regularly paid over to and received by the administrator.

While the business was being conducted, as above stated, by Martin McGuill and the said administrator, and on April 16, 1898, the said Martin McGuill, being insolvent, made a general assignment for the benefit of his accepting creditors to the appellee, John W. Flournoy, of all his property not exempt from execution, including his entire one-half interest in the goods, wares, and merchandise, and the notes and accounts and other personal property belonging to the late firm of Thos. McGuill & Son, and the said Flournoy took possession thereof as such assignee and proceeded to administer the same. All of the property assigned consisted of the one-half interest owned in the firm of Thos. McGuill & Son except less than $300 worth of individual property. The deed of assignment was by Martin McGuill of his individual property only, and no mention was made of any conveyance of the partnership property. The entire assets assigned were not sufficient to pay 33 per cent of the claims of creditors who had accepted under the assignment. Neither Thomas McGuill at the date of his death, nor the said Martin McGuill at the date of the assignment, owed any debts except partnership debts, which amounted to about $10,000. The estate of Thos. McGuill is insolvent.

On March 6, 1898, the appellant brought suit upon his claims against Martin McGuill as surviving partner, alleging that he was still acting as such. Citation was served March 20, 1898, and judgment was obtained April 20, 1898, against Martin McGuill individually, and as surviving partner, for the sum of $1159.07 with interest at the rate of 10 per cent per annum. Appellant afterwards made application for and obtained a writ of garnishment against the appellee, which was served on May 7, 1898. The answer of appellee as garnishee disclosed that at the time of the service of the writ he had in hand the sum of $199.10, and at the time of his answer the additional sum of $828.38, making in the aggregate the sum of $1027.48, received from sales of the property and collections of notes and accounts. He asked to be allowed a reasonable attorney's fee for his answer, which is found to be $50. Appellant also proved up his judgment as a claim against the estate of Thomas McGuill, deceased.

Upon the death of Thomas McGuill his surviving partner, Martin McGuill, became vested with the legal title to the partnership assets as trustee primarily for the benefit of the creditors of the firm, and ultimately for the benefit of the representatives and heirs of the deceased partner. 65 Am. Dec., 295, and note.

Partners may agree upon a dissolution and defeat the derivative equity of creditors to have the partnership assets applied to their debts. Wiggins v. Blackshear, 86 Texas, 665. But the survivor of a deceased part-

ner can not denude himself of the trust with which he becomes clothed by the death of his partner by an agreement with the administrator either to partition the property or to admit him into joint possession and control, recognizing his title to the deceased partner's share thereof. The duty of the survivor is to administer the trust and wind up the estate, and after paying off the debts to deliver the share of the estate in the residue to the heirs and representatives. The partnership of Thos. McGuill & Son was dissolved by the death of Thos. McGuill, and not by agreement with the administrator. The administrator could make no agreement for the division of the assets to the detriment of creditors.

As surviving partner, Martin McGuill had the power to make an assignment for the benefit of creditors. Emerson v. Senter, 118 U. S., 3; Patton v. Leftwich, 86 Va., 421; Williams v. Whedon, 109 N. Y., 333; Durant v. Pierson, 124 N. Y., 444; White v. Insurance Co., 1 Nott & McC., 556; 3 Am. and Eng. Enc. of Law., 2 ed., 30, 31.

An assignment for the benefit of creditors made by one partner of the firm assets is held void under the decisions of this State, because the separate estate of the partner who does not join in the assignment is not conveyed, and creditors are required to accept and release for less than they are entitled to receive. The assignment must purport to convey all the individual property of the partners as well as that of the partnership. Donoho v. Fish Bros., 58 Texas, 167; Still v. Focke & Wilkens, 66 Texas, 716.

But where the assignment is made by the surviving partner the reason for holding the instrument void ceases, since the individual estate of the deceased partner is sequestered by administration under the probate laws, and may be thus subjected to the claims of the partnership creditors.

If the surviving partner can not divest himself of his title to the partnership assets and of his trust to see that they are properly applied to the claims of partnership creditors, and has authority in the discharge of such duty to make an assignment for the benefit of creditors, it must necessarily and logically follow that he can not make a valid assignment of his individual property only, and require the creditors to release him, and such attempted assignment would be void. Hence the instrument made by Martin McGuill in which he attempted to assign his individual estate only was void, and the property in the hands of the appellee was subject to garnishment for the debt of the appellant. The court below having discharged the garnishee, its judgment will be reversed and judgment will be here rendered in favor of the appellant for the fund shown to be in the hands of the garnishee, less costs of suit, including this appeal, and the sum of $50 allowed as an attorney's fee.

*Reversed and rendered.*

Writ of error refused.