## In re F. DOBERT & SON.

(District Court, W. D. Texas, Austin Division. December 18, 1908.)

### No. 472.

1. PARTNERSHIP (§ 244*)—DEATH OF PARTNER—DUTY OF SURVIVING PARTNER.
The death of a partner dissolves the firm, and it is the duty of the surviving partner to close out the business and pay the firm debts, accounting to the heirs or representatives of the deceased partner for their interest in the surplus assets.
[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 509–513; Dec. Dig. § 244.*]

2. PARTNERSHIP (§ 245*)—DISSOLUTION—POSSESSION OF ASSETS.
A surviving partner is entitled to the exclusive possession and administration of the firm assets.
[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 514–518; Dec. Dig. § 245.*]

3. PARTNERSHIP (§ 244*)—ASSETS—REPRESENTATIVES OF DECEASED PARTNER.
Neither the heirs nor personal representatives of a deceased partner are entitled to any part of the partnership assets until after payment of firm debts.
[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 511; Dec. Dig. § 244.*]

4. EXECUTORS AND ADMINISTRATORS (§ 44*) — ASSETS—INTEREST OF DECEASED PARTNER.
The administration of a partnership estate being confided to the surviving partner, the county court in the administration of the deceased partner's estate has no control over the partnership assets.
[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 295; Dec. Dig. § 44.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. EXECUTORS AND ADMINISTRATORS (§ 181*) — PARTNERSHIP ASSETS — ALLOW-
ANCE TO WIDOW AND CHILDREN.

The county court has no jurisdiction to set aside allowances to the wid-
ow and children of a deceased partner out of any part of the partnership
assets, except the residue after payment of firm debts.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. § 681; Dec. Dig. § 181.*]

6. PARTNERSHIP (§ 249*)—DISSOLUTION—INTEREST OF DECEASED PARTNER.

A deceased partner's estate is entitled to the same interest in the res-
idue after payment of firm debts as the deceased partner had in the firm
in his lifetime.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 529–535;
Dec. Dig. § 249.*]

7. EXECUTORS AND ADMINISTRATORS (§ 181*) — ALLOWANCES TO WIDOW AND
CHILDREN.

Under Rev. St. Tex. 1895, arts. 2037–2062, providing for allowances to the
widow and children of a decedent, such allowances can be made only out
of property, inventoried and appraised and under the control of the coun-
ty court, which it is authorized to sell.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 681–685; Dec. Dig. § 181.*]

8. BANKRUPTCY (§ 149*)—BANKRUPT FIRM—RIGHTS OF PARTNER.

Since, under Bankr. Act July 1, 1898, c. 541, § 70, 30 Stat. 565, 566 (U. S.
Comp. St. 1901, p. 3451), on an adjudication of bankruptcy against a
firm, the firm property vests in the trustee in bankruptcy, the surviving
partner thereafter has no power to consent to an allowance to the widow
and children of the deceased partner out of the assets of the firm prior to
the payment of the firm debts.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 229; Dec. Dig.
§ 149.*]

## In Bankruptcy.

Mrs. Albertina Dobert, for herself and children, has filed a petition to review
the order of the referee, declining to set aside to them, as the widow and
children of Frank Dobert, deceased, certain statutory allowances. The follow-
ing opinion of the referee, Franz Fiset, Esquire, embodies the material facts
of the case:

"An involuntary petition in bankruptcy was filed on February 3, 1908,
against the firm of F. Dobert & Son, and against Frank Dobert and Joseph
Dobert, its members, as individuals. On February 5th the said partnership,
and its members as individuals, filed a voluntary petition. Frank Dobert
died on February 6, 1908. On February 13, 1908, an adjudication of the firm
and its members was had on the voluntary petition. Albertina Dobert, the
widow of Frank Dobert, deceased, seasonably filed an application for an al-
lowance for herself and minor children for one year's support, and, in behalf
of herself, minor children, and an adult unmarried daughter residing with the
family, for an allowance in lieu of certain personal property exempted by the
laws of Texas to a family, but not on hand at the time of the death of Frank
Dobert.

"In addition to the foregoing, the following facts are pertinent to the dis-
position of said application: The partnership owns assets, but wholly in-
sufficient to pay the partnership debts. Joseph Dobert has no individual es-
tate, aside from exemptions. Frank Dobert left no individual estate except
a homestead exempt by the laws of Texas, and certain of the personal prop-
erty also exempted by the laws of Texas. Such exempt personal property as
he did not own is of the reasonable value of $500. Frank Dobert at the
time of his death left surviving him, as constituent members of and residing
with the family, Albertina Dobert, his widow, and their four children: Frank,
age 21 years on April 21, 1908; Will, 18 years old; Lillie, 16 years of age;

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and Bettie, age 24 years and single. The widow, by the death of her husband, became entitled to $9,000 from life insurance, $3,000 of which has been collected at the time of filing of the application for allowances. At the hearing that part of the application praying for a year's support for the widow was abandoned.

"Will Dobert owns a wage priority claim against the bankrupt firm of $150, and an unsecured claim for $182.10. Otherwise the children own no individual property. Frank and Will Dobert had been clerking prior to the death of their father, and were emancipated from his control over their earnings. The sum of $25 per month for the support of Will Dobert, and $30 for Lillie Dobert, is a reasonable amount. Frank Dobert, it is agreed, is only entitled to support to the time of his majority on April 21, 1908; and $25 per month to that time is reasonable. The application prays for an allowance of $500 in lieu of exempt property, and for support as above indicated.

"The application for said allowances is based on section 8 of the bankruptcy act, which reads: 'The death or insanity of a bankrupt shall not abate the proceedings, but the same shall be conducted and concluded in the same manner, so far as possible, as though he had not died or become insane: Provided, that in case of death the widow and children shall be entitled to all rights of dower and allowance fixed by the laws of the state of the bankrupt's residence.' The probate laws of the state of Texas with reference to allowances require that the court shall fix an allowance for the support of the widow and minor children of the deceased of not exceeding $1,000, but in an amount sufficient for their maintenance for a term of one year from the time of the death of the testator of intestate (articles 2037, 2038, Rev. St. Tex. 1895), and that it be paid in preference to all other debts or charges against the estate, except the funeral expenses and expenses of last sickness of deceased. * * * Article 2044, Rev. St. Tex. Under articles 2046 and 2047, Rev. St. Tex., it is the further duty of the court to set apart for the use and benefit of the widow and minor children and unmarried daughters remaining with the family of the deceased all such property of the estate as may be exempt from execution or forced sale, and to make a reasonable allowance in lieu of such of the specific articles so exempted which are not among the effects of the deceased.

"The estate of Frank Dobert has no assets out of which any of the statutory allowances above mentioned and now applied for might be made. The partnership of Frank Dobert & Son, bankrupts, owns a sufficiency of assets to pay the amounts prayed for, but only at the expense of, and to the serious detriment of the partnership creditors. The surviving partner, Joseph Dobert, bankrupt, agrees, by instrument filed, that the allowances may be made out of the firm assets.

"The only question to be determined is, whether or not the assets of the firm of Frank Dobert & Son, bankrupts, may be resorted to for the purpose of making the allowances in the application contended for. The statutes of the state of Texas are silent on the subject, and it does not appear that any judicial decision has ever directly settled the point involved, although it has been held that allowances must be raised solely from the estate of the decedent, and from no other estate. Hoffman v. Hoffman, 79 Tex. 189, 14 S. W. 915, 15 S. W. 471.

"The fundamental law, as recognized in Texas, concerning partnership property, and particularly its status at the time of the death of one of the partners, will indicate where the ownership of that property lies, and what rights, if any, the heirs or representatives of the deceased partner may assert against it. Bates on Partnership says: 'A partner has no specific interest in any particular chattel or asset or part of the property of the firm; his only interest is in a proper proportion of the surplus of the whole after payment of debts, including the amounts due the other partners.' Bates, par. 180. 'The capital, in whatever shape contributed, becomes at once the property of the firm, and is no longer individual property.' Bates, par. 256. 'A partner owns the partnership property, and all of it, but subject to a like ownership on the part of all the other partners.' Bates, par. 274. This doctrine is recognized in Texas in the case of Moore v. Steele, 67 Tex. 435 (439) 3 S. W. 448; Warren v. Wallis, 38 Tex. 228. The individual exclusive dominion over property ceases

on the formation by the owner of a partnership to which it is contribu-ed, and each partner is then given the same right in and dominion over all the partnership property that the respective owners had prior to the time it became partnership property. The notion of a partnership as a distinct entity clarifies the peculiar character of possession and ownership, as we readily understand from it that the original individual rights to property are yielded up to the new entity, the partnership. While the formation of a partnership creates the ownership and dominion as stated, yet during the life of all the partners the ownership of the property does not, under all circumstances, remain so inflexibly. The partnership exists under and by virtue of a contract, and such contract, like any other, may be changed, and property may be added to or taken away from the firm assets. To this inherent right of the partners inter sese we will refer again presently. When a partnership is dissolved by the death of a member, other distinct fundamental principles are, eo instante, brought into operation. As the original formation of a partnership is based on the delectus personarum, the law provides that on the death of one partner no heir or legal representative of the decedent shall take his place in the partnership, but the surviving partner for the purpose of winding up its affairs is at once vested fully and completely with the legal title and ownership of all the property theretofore owned by the partnership. The duty of the survivor is to take exclusive, sole possession of all the partnership property, to realize on it, and to apply its proceeds first to the payment of all partnership debts, and then to account to the representatives of the deceased partner for the share of the decedent in the net surplus of the property, based on the original net interests of the partners in the firm. The right of the survivor is to perform these obligations untrammeled by the interference of probate court, heirs or legal representatives. The only right of the heirs and legal representatives against the surviving partner is to have an accounting after the payment of all debts. The above propositions are those of the text-books, and are approved by the courts generally, including those of Texas. Bates on Partnership, par. 718–731; Woerner's American Law of Administration, par. 124; Rogers v. Flournoy, 21 Tex. Civ. App. 556, 54 S. W. 386; Akin v. Jefferson, 65 Tex. 137 (144); Crescent Insurance Co. v. Camp, 64 Tex. 521 (527, 528); Shields v. Fuller, 4 Wis. 102, 65 Am. Dec. p. 293, and note on page 295; Bush v. Clark, 127 Mass. 111.

"Applying the foregoing to the case at bar: Joseph Dobert, as surviving partner, succeeded to the title and the possession of all the partnership property for the purpose of paying all partnership debts and accounting to the representatives of the deceased partner for the pro rata of the surplus, if any was due them. The assets as such, prior to the payment of debts and prior to the accounting, are no part of the estate of the decedent. Neither are claims for allowances in any sense debts against the firm. Consequently, no allowances can be made out of the partnership assets prior to the time that, on final accounting by the survivor, a net surplus over and above all partnership debts is found to be due and owing to the estate of the decedent—an eventuality that cannot occur, the partnership being insolvent. See Woerner, Am. Law of Administration, par. 127, p. 293.

"The holder of collateral security or pledge given by a decedent in his lifetime, under repeated decisions in Texas, has the right to satisfy his debt out of the collateral or pledge before he can be required to enter or yield up to the probate court his security for any purpose. See Huyler v. Dahoney, 48 Tex. 234; Williams v. Lumpkin, 74 Tex. 601, 12 S. W. 488; also Andrews v. Union Cent. Life Ins. Co., 92 Tex. 584, 50 S. W. 572; Fulton v. National Bank of Denison, 26 Tex. Civ. App. 115, 62 S. W. 84. This recognizes the severance of the collateral or pledge, by delivery, from the estate of the debtor. It belongs, sub modo, to the holder. The applicability of this doctrine to partnership property in the hands of the survivor is obvious and cogent. No act on part of the survivor in agreeing to an allowance to be made out of the partnership property, as is attempted by the instrument filed in this case by Joseph Dobert, can change the obligation of the survivor; he cannot denude himself of the trust which is primarily in favor of the creditors, and he cannot divert the trust funds. See Rogers v. Flournoy, 21 Tex. Civ. App. 556, 54

S. W. 387. The conclusion reached, therefore, is that none of the allowances in this proceeding prayed for can be made out of the partnership property.

"But it is insisted that the case of Swearingen v. Bassett, 65 Tex. 267, leads to a different conclusion. This does not seem to be the effect of that case. The court holds in that case that a partner in a solvent firm may destinate his interest in partnership realty as a part of his homestead and thus secure it from forced sale. The court bases this conclusion on the acknowledged right of the partners to change their contract of partnership, to add to or take away from the property of the firm, and to make such changes by express agreement or by implication. In this manner the homestead of one partner in partnership realty was acquired. The decision, on the ground it rests, is entirely consistent with the general rues of the law of partnership, particularly as the creditors, as long as the firm is and remains solvent, have no right to complain about the action of partners in withdrawing from or adding to the available assets. But the case does not intimate, nor can it be contended, that the logical result of said decision is to change the fundamental law of partnership whereby all the partnership property, at the dissolution by death, is cast upon the survivor for the purposes of paying the debts and accounting only.

"The case of St. Louis Type, etc., Co. v. Company, 74 Tex. 651, 12 S. W. 842, 15 Am. St. Rep. 870, is also cited in support of the application for allowance out of the partnership assets, but this case is inapplicable because it only holds that the statutory exemptions are such not only for individuals who hold such property in severalty, but that the exemption covers also property belonging to the partners as such. As, under liberal construction of the exemption laws, partnership personal property is thus held to be exempt, such property is not an asset of the partnership subject to execution, and at the death of a partner his interest in such specific exemptions is subject to the disposition thereof by the probate court. This is the final result of the decision. Exemptions existing at the time the trust is cast form no part of the trust fund. But the trust property cannot thereafter be interfered with by burdening it with prior claims not existent under the law at the time of the creation of the trust.

"The Texas decisions freeing collateral from demands of the probate court, as above shown, are applicable to the property of a partnership in the hands of the survivor. The basic rights of the pledgee and partnership creditors are identical. What the law grants to the one it must grant to the other. It will not protect the pledgee and take away from the partnership property. If this be correct, then the contention of applicant that the St. Louis Type, etc., Co. v. Company points to the correct decision of this case is still further refuted than it is by reason of the fact that it is not in point and does not tend to establish the liability of the partnership fund as insisted on by applicant.

"It follows from the foregoing that the application for allowances to the widow and children out of the partnership assets of the bankrupt firm must be denied, and judgment is entered on this date in conformity with this conclusion."

N. A. Rector, for petitioner.

D. K. Woodward, Jr., for trustee.

MAXEY, District Judge (after stating the facts as above). It appears from the record that, at the death of Frank Dobert, neither he nor Joseph Dobert had an individual estate. The assets of the partnership are wholly insufficient to pay partnership debts. Whether, under such circumstances, the statutory allowances claimed by the widow and children of Frank Dobert may be set apart to them from the assets of the firm of F. Dobert & Son, will depend upon a proper construction of the state statutes, providing for the administration of estates of deceased persons. In a matter of this kind the laws of the state furnish

the guide to federal courts; and if by the laws of Texas the allowance be authorized, then, in obedience to section 8 of the act of bankruptcy (Act July 1, 1898, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3425]), it should be set apart to the widow and children in this proceeding. Unfortunately the courts of this state have not decided the precise question involved in the present case, but we may deduce, from the principles announced by the Supreme Court in several cases, in which similar articles of the Revised Statutes of the state in relation to the "Estates of Decedents" have been construed, the correct rule to be applied here.

It is thought that the ultimate decision of the question must depend upon the extent of the control which the probate or county court may lawfully exercise over partnership estates where one of the constituents has died. In other words, if the probate court is without jurisdiction to administer upon a partnership estate, it follows that it would be powerless to set aside any of the partnership assets to satisfy the statutory allowances of the widow and children of a deceased partner. Thus it was said by Mr. Justice West, as the organ of the court in Clift v. Kaufman & Runge, 60 Tex. 66:

"The homestead allowance, if set apart at all by the probate court for the surviving widow, must be set apart, alone, from the estate of the decedent, over which that court has jurisdiction. It is only over the property of the estate that the probate court can exercise control."

See, also, Hoffman v. Hoffman, 79 Tex. 192, 193, 14 S. W. 915, 15 S. W. 471.

Has, then, the probate court (which may be referred to indifferently as the probate or county court), under the laws of Texas, jurisdiction to administer upon a partnership estate, upon the death of a constituent of the firm? Upon this point the Supreme Court has spoken in unambiguous language in the case of Altgelt v. National Bank, 98 Tex. 252–267, 83 S. W. 6. It is true that in the Altgelt Case the court was not construing the articles of the statute involved in this case, but what was there said applies with equal force to the articles under which the widow and children of Frank Dobert claim an allowance. Altgelt v. Alamo Nat. Bank, at page 260 of 98 Tex., at page 9 of 83 S. W., article 1867 of the Revised Statutes of 1895 is quoted, as follows:

"The rights, powers and duties of executors and administrators shall be governed by the principles of the common law, when the same do not conflict with any of the provisions of the statutes of this state."

The court, speaking through Mr. Justice Brown, proceeded:

"By the common law the death of one partner dissolves the partnership and terminates the powers of the survivors as partners; but the law imposes upon the surviving partners the duty to close up the business and pay the debts of the partnership, accounting to the personal representatives or heirs of the deceased partner for their interest in what shall remain after paying the debts, for which purposes the surviving partner holds the assets as a trustee, and, to enable him to perform the trust imposed, the law gives to him the right and enjoins it as a duty to take the exclusive possession of the assets of the partnership and to administer them for the purposes before stated. The rule is thus stated: 'The right of survivorship in partner-

ship estates is not a beneficial right. The assets are taken by the surviving partner, charged with the trust or quasi trust to pay the firm debts and wind up its affairs, and it is his duty to account to the representatives of his deceased partner for all partnership assets.' 22 Am. & Eng. Enc. of Law, p. 96. Again, it is said: 'The survivors have the exclusive right and duty to act in the settlement of a partnership, and personal representatives of the deceased partner cannot interfere.' Neither can the surviving partner consent to a participation in the business by such representative. 22 Am. & Eng. Enc. of Law, p. 220; Rogers v. Flournoy, 21 Tex. Civ. App. 558, 54 S. W. 386."

See, also, Moore v. Steele, 67 Tex. 439, 3 S. W. 448; Fulton v. Thompson, 18 Tex. 287.

The court then quotes with approval the following excerpt from the opinion of Judge Garrett in Rogers v. Flournoy, 21 Tex. Civ. App. 557, 558, 54 S. W. 386, 387:

"Upon the death of Thomas McGuill his surviving partner, Martin McGuill, became vested with the legal title to the partnership assets as trustee primarily for the benefit of the creditors of the firm and ultimately for the benefit of the representatives and heirs of the deceased partner. Shields v. Fuller, 4 Wis. 102, 65 Am. Dec. 295, and note.

"Partners may agree upon a dissolution and defeat the derivative equity of creditors to have the partnership assets applied to their debts. Wiggins v. Blackshear, 86 Tex. 665, 26 S. W. 939. But the survivor of a deceased partner cannot denude himself of the trust with which he becomes clothed by the death of his partner by an agreement with the administrator either to partition the property or to admit him into joint possession and control, recognizing his title to the deceased partner's share thereof. The duty of the survivor is to administer the trust and wind up the estate, and after paying off the debts to deliver the share of the estate in the residue to the heirs and representatives. The partnership of Thos. McGuill & Son was dissolved by the death of Thos. McGuill, and not by agreement with the administrator. The administrator could make no agreement for the division of the assets to the detriment of creditors."

In construing article 1984 of the Revised Statutes, Mr. Justice Brown propounded the question:

"Did the Legislature, in enacting article 1984, intend to repeal the common law as to the administration of partnership estates?" Page 262.

And, continuing, it was said at page 263 of 98 Tex., at page 10 of 83 S. W.:

"Before the adoption of the Revised Statutes of 1879, the common law prescribed the powers of executors and administrators in reference to both individual and partnership business of the testator or intestate, and, except by authority conferred by will or partnership contract, neither class of business could be continued by an executor or administrator. In making the amendment to article 1984 the Legislature used language applicable to the individual business of the deceased which cannot be applied to partnership business without adding thereto; therefore, under the rule quoted, the language used must be restricted to the individual business of the deceased."

After further discussion, the court continued (pages 264, 265 of 98 Tex., page 11 of 83 S. W.):

"By article 1965 every executor is required, with the aid of the commissioners appointed by the court, to make and file 'a full inventory and appraisement of all the estate of the testator or intestate.' The interest of the deceased partner in the assets of the firm cannot be inventoried and appraised by the administrator or executor as required by that provision of the statute, because the surviving partner is entitled to the exclusive possession and con-

trol of the assets of the partnership, free from the interference of the executor or administrator of the deceased partner. Am. & Eng. Enc. of Law, p. 857. The estate of the deceased partner has an interest only in that which remains after the payment of the debts of the firm, and has no right to any specific part of the property employed in the enterprise; it would be impossible to make an inventory and appraisement of such interest, therefore the interest of the deceased partner in the firm assets is not a part of the estate to be administered.

"Again, an administrator cannot sell the property of his intestate's estate, except by the order of the court. Rev. St. art. 2113. The court can regularly order the sale of property only after it has been inventoried and appraised as required by law, hence the administrator could not get an order of the court to sell property which could not be placed upon the inventory of an estate; therefore partnership property which is not subject to be sold by the administrator or executor is not included in the terms of article 1984.

"The terms of article 1984 commit the question of continuing the 'business' to the judgment and discretion of the executor or administrator, without any intimation that another person shall be consulted, which excludes the idea that the surviving partner may participate in the business continued. If the common law applies, the probate court could have no control of partnership estates; but by article 1985 that court may control the action of the executor or administrator 'in regard to such business'—that is, the business to be continued; and, the Legislature having failed to prescribe any rules for the administration of partnership property, the terms of the law are not applicable to partnership business."

From the views expressed in the opinions referred to, the following conclusions are logically deducible: (1) Under existing law in this state, which is merely a restatement of a principle of the common law, the death of a partner dissolves the partnership, and it then becomes the duty of the surviving partner to close out the business and pay the debts of the partnership, accounting to the personal representatives or heirs of the deceased partner for their interest in the assets remaining after the payment of debts; (2) to enable the surviving partner to discharge the trust imposed upon him, the law gives him the right and enjoins it as a duty to take the exclusive possession of the assets and to administer them for the purposes stated.

As necessary corollaries it follows (1) that neither the heirs nor personal representatives of the deceased partner are entitled to any part of the partnership estate until after the payment of partnership debts, and, (2) the administration of partnership estates being confided exclusively to the surviving partner, the county court has no control over partnership assets, and hence is without authority to set aside allowances to the widow and children from such assets, and can only do so out of any residue coming to the heirs or personal representatives after the payment of partnership debts. The estate of the deceased partner in such residue must be measured by the interest which the decedent, during his life, had in the partnership, the extent of which is ascertainable by reference to the articles between the partners. This opinion would be unduly extended by analyzing articles 2037 to 2062 of the Revised Statutes of the state, which provide for allowances to the widow and children of a decedent and regulate the procedure in reference thereto. But an examination of those articles will disclose that it is only the estate of the decedent out of which the allowance may be set aside—an estate which may be inventoried and appraised, and one which is under the control and supervision of the county court,

and one which that court is authorized to sell—the individual estate of the decedent, and not an undefined and unascertainable interest in the partnership assets. Indeed, in the articles of the statutes referred to there is no mention of "partnership," or "partnership property," or of "partnership estates," thus supplying further evidence, if it were needed, that it was not the purpose of the Legislature that the administration of partnership estates should be included within the terms of the statute. The winding up of the partnership business remains, where the common law left it, in the hands of the surviving partner; and it is only in the residue remaining after the payment of partnership debts that the estate of a deceased constituent is interested, and it is only out of such residue, assignable to the heirs or personal representatives of the deceased, that the allowance to the widow and children may be set apart.

The consent of the surviving partner in the present case to setting aside the allowance, if effective under any circumstances, is deprived of vitality and efficacy here, since his consent was given about two months after the title to his interest in the partnership property had vested in the trustee in bankruptcy. Bankruptcy Act, § 70.

The court is of the opinion that the order of the referee, declining to set aside the allowance to the widow and children of Frank Dobert, deceased, was correct, and it is therefore affirmed.