### In re McCLURE et al.

(District Court, N. D. Texas, at Dallas. September, 1924.)

#### No. 2061.

Bankruptcy ⟝351—Assets of partnership may not be used to pay taxes of individual partners.

Under Bankruptcy Act, § 5f (Comp. St. § 9589), providing that "the net proceeds of the partnership property shall be appropriated to the payment of the partnership debts, and the net proceeds of the individual estate of each partner to the payment of his individual

debts," assets of a partnership may not be used to pay taxes due on property of the individual partners, before partnership debts are paid in full, and especially is this true in a state where, as in Texas, exemptions are not allowed out of partnership property until partnership debts are paid.

In Bankruptcy. In the matter of Mike Henderson McClure and Frank Barton, bankrupts. On review of order of referee. Affirmed.

Grace Fitzgerald, of Dallas, Tex., for trustee.

J. M. Moore, of Cleburne, Tex., for bankrupts.

ATWELL, District Judge. This matter grows out of an application made by the trustee to be allowed to pay the individual taxes of the individual members of the partnership. The referee denied the trustee such right, and the bankrupts have appealed.

After having considered the interesting brief filed for the bankrupts, I am of the opinion that the referee has properly ruled the application for the payment of the taxes of the individuals who composed the partnership. It is academic that the partnership assets are liable first for partnership debts; this liability does not save the property of the individuals who compose the partnership from also being liable.

Any taxes due by the partnership, which, under the act of the Congress, is treated as an entity, would, of course, be paid first; but there were and are no partnership taxes. The taxes that are in question are the taxes of the individuals who compose the partnership. It would be quite out of harmony with the Bankruptcy Act, and with the fundamentals that support the doctrines of partnership law, to take from the partnership fund, before the payment of partnership debts, any sum for the payment of an individual debt, even though such individual debt may be to a sovereign state. See section 5 of the Bankruptcy Act, clause (e), being Comp. § 9589.

Clause (f) of the act provides: "The net proceeds of the partnership property shall be appropriated to the payment of the partnership debts, and the net proceeds of the individual estate of each partner to the payment of his individual debts."

The provision of the law that the payment of taxes is favored and required means, of course, the taxes of the entity which is in bankruptcy, as, for instance, the corporation, the partnership, the individual. This provision of the law is in harmony with the law

of partnership. Each partner is entitled to have the partnership fund administered for and paid upon the partnership debts first. The referee's illustration, "Suppose one partner owed $500.00 taxes on his homestead, and the other partner owed nothing in taxes upon his homestead; the effect of paying the tax of one partner out of the partnership assets would be an injustice to the other partner, and leave $500 in debts remaining unpaid that would have been paid, had the taxes been kept up by each," is apt. In re Brewer (D. C.) 3 Am. Bankr. Rep. (N. S.) 202, 289 F. 79; In re Finkelstein (C. C. A.) 3 Am. Bankr. Rep. (N. S.) 56, 298 F. 11.

Under the Texas decisions exemptions are not allowed out of partnership assets until partnership creditors are paid. Clift v. Kaufman, 60 Tex. 66; Hoffman v. Hoffman, 79 Tex. 192, 14 S. W. 915, 15 S. W. 471; Altgelt v. Alamo National Bank, 98 Tex. 260, 83 S. W. 6; Moore v. Steele, 67 Tex. 439, 3 S. W. 448; Fulton v. Thompson, 18 Tex. 287; In re Dobert & Son (D. C.) 21 Am. Bankr. Rep. 634, 165 F. 749; Flatau & Stern (D. C.) 21 Am. Bankr. Rep. 352. The lien given the state of Texas by article 7627 of the Revised Statutes for taxes is not unsettled in the slightest by this holding. If there were any tax due the state of Texas upon the partnership property, then the lien therefor is valid and prior under the very provisions of the Bankruptcy Act itself, and the state has its lien upon the homesteads of the individual partners for the taxes due thereon, and there is not the slightest conflict in the holding that is now made. In reaching this conclusion I have given attention to the cases of Meriwether v. Garrett, 102 U. S. 472, 26 L. Ed. 197, and U. S. v. Lewis, affirmed in 92 U. S. 618, 23 L. Ed. 513, cited by the bankrupts.

The decision of the referee is affirmed, and the trustee is denied the right to pay the personal taxes of the individuals who compose the partnership until after all of the debts of the partnership shall have been satisfied.