## TURNER v. WILCOX.
### No. 11160.

Court of Civil Appeals of Texas. Galveston.

Dec. 12, 1940.

W. O. Bowers, Jr., of Beaumont, for appellant.

Everett H. Cain, of Anahuac, for appellee.

CODY, Justice.

This is an appeal from the refusal by the district court of Chambers County of the motion of S. S. Turner, Administrator of the estate of Captain T. V. Jenkins, deceased, to vacate an interlocutory order appointing a receiver of the tugboat "Ernest".

Suit was filed by appellee against the surviving wife, minor son, the administrator of the estate, and the unknown heirs of Captain Jenkins, alleging that appellee and Captain Jenkins had purchased the boat as equal owners, and were to share the profits earned by Captain Jenkins in the operation

of the tugboat equally. Appellee asked for an accounting to determine the profits earned by Captain Jenkins in the operation of the tugboat from the date of her purchase in 1939, and appellee prayed for judgment for his share of the profits, and to be adjudged the full owner of the tugboat because of certain concealments alleged to have been practiced upon him by Captain Jenkins, and in the alternative to be adjudged her half owner; appellee also prayed that he be awarded a lien against the tugboat for any sums found due him from her operation. He alleged that the tugboat is without legal attendant and is in great danger of sinking if some person is not placed in charge of her, and does not operate her while the suit is pending. The petition was duly verified.

On June 11th, the court entered an order reciting service of notice, and found from the pleading and evidence that appellee has at least a one-half interest in said property, and that such interest is in danger of being lost; that unless a receiver be appointed appellee would suffer irreparable loss, and found that a receiver should be appointed, and further found E. G. Lotz to be a duly qualified person to be appointed receiver of the tugboat, the ownership of which was in dispute between appellee and appellant.

On July 31, 1940, S. S. Turner, administrator, filed a motion to the order appointing E. G. Lotz receiver of the tugboat "Ernest" on these grounds:

(1) That on May 14, 1940, when Captain Jenkins died, he was in possession and entitled to possession of the tugboat, which was registered under his sole ownership in the office of collector of customs at Beaumont. And that appellee wrongfully removed the "Ernest" from the dock at Port Arthur without her accredited master in violation of law, and from the County of Jefferson, the place of residence of Captain Jenkins at the time of his death to Anahuac in Chambers County, in order to place her beyond the possession and control of the administrator. That the appointment of the receiver is therefore void.

(2) That under Art. 5, Sections 8 and 16 of the Constitution Vernon's Ann.St., the County Court of Jefferson County has the exclusive jurisdiction over the estate of Captain Jenkins, deceased, and he being in possession and entitled to possession of the tugboat at his death, his administrator, under Art. 3314, Vernon's Annotated Civil Statutes of Texas, has the sole right of possession as it existed at the death of the intestate. And the suit having been filed after the death of the intestate, the appointment of the receiver is void.

(3) That notwithstanding appellee's allegations of ownership of, or partnership interest in, the tugboat, he has never registered his interest at the home port of the vessel as required by law, and that his allegations negative any danger of the property being lost because the administrator is under bond, and subject to the control of the probate court which affords ample protection against loss, and there is no allegation of wrongful management by the administrator.

(4) That appellee has an adequate remedy at law by sequestration or attachment of the tugboat, and is therefore not entitled to the remedy of receiver.

(5) That E. G. Lotz is not entitled to be receiver because he had asserted he had guaranteed for Captain Jenkins the payment of certain labor and supplies for the operation of the tugboat.

The court refused the motion, and the administrator appeals.

The appellant here urges each ground set up in his motion below as a ground for reversing the order of the court below refusing to vacate the appointment of the receiver.

We cannot sustain the first assignment of error. On the hearing of the motion, appellee's counsel offered in evidence the partnership-agreement between Captain Jenkins and appellee, when the following took place:

"The Court: I don't think it is necessary to go into the merits of the suit.

"Appellant's Counsel: I don't think so either.

"Appellee's Counsel: He sets up matters of fact that is necessary for us to deny.

"The Court: I believe they did, but that is going into the merits of the law suit. I don't think it is necessary.

"Appellee's Counsel: He shows license that Captain Jenkins is the owner.

"The Court: It seems to me that is going to the merits of the law suit. I think your pleading would be accepted as true."

Under appellee's pleadings the tugboat was either appellee's property, or it was partnership property. If it belonged to appellee exclusively, it was certainly not

subject to administration in the probate court for the payment of Captain Jenkins' creditors; and it is now well settled that an administrator is not entitled to the possession of partnership property, but that the surviving partner is entitled thereto, and must account to the administrator for the decedent's interest after the partnership debts have been paid. Rogers v. Flournoy, 21 Tex.Civ.App. 556, 54 S.W. 386, 387; Goldstein v. Susholtz, 46 Tex.Civ.App. 582, 105 S.W. 219; Altgelt v. Alamo National Bank, 98 Tex. 252, 83 S.W. 6. The removal of partnership property beyond Jefferson County could not be fraudulent as to the Probate Court of Jefferson County, as that court has no jurisdiction to administer partnership property. And we are unable to perceive how the shipping laws of the United States are in conflict with the superior right of a surviving partner to the possession of partnership property. Of course, if it were admitted that the tugboat were partnership property, appellee would be entitled to possession thereof, and would not have to apply for a receiver; Goldstein v. Susholtz, supra. The dispute as to whether the property belonged to Captain Jenkins exclusively, or was partly owned by him and partly by appellee, can only be finally determined on the trial on the merits.

What has been said equally disposes of the second assignment of error, namely, that by law the County Court of Jefferson County has exclusive jurisdiction over the tugboat, and the administrator the exclusive right of possession.

■ Both the pleadings of appellee, and the proof at the hearing on the motion, showed that unless the tugboat was cared for it would sink and be lost. It had to be pumped out once every twelve hours, and without being pumped out it would sink from within 20 to 24 hours. But, as already shown, appellant was not entitled to administer on partnership property as against the superior right of a surviving partner to the possession thereof. The right to a receiver under these facts is authorized by Article 2293, Vernon's Annotated Texas Civil Statutes.

■ We are unable to agree that Lotz became disqualified by an interest arising from the fact that the tugboat was in his charge at the time Captain Jenkins died, and he kept a keeper in charge thereafter and prevented it from sinking and becoming lost. He was not a party to the action for the appointment of a receiver. Vernon's Annotated Texas Civil Statutes, Article 2294, provides "No party, attorney, or any person interested in any way in an action for the appointment of a receiver shall be appointed receiver." The case of James v. Roberts Telephone & Electric Co., Tex.Com.App., 206 S.W. 933, relied on by appellant as ground for vacating the appointment of Lotz is not in point. In that case the receiver was the cashier and large stockholder of the bank which brought, and was therefore interested in, the action for the appointment of a receiver.

There being no error, the judgment of the court below should be affirmed; it is so ordered.

Affirmed.